[S. F. No. 2749.    In Bank. — July 11, 1901.]

## S. ELLA WILLIAMS, Appellant, v. SAVINGS AND LOAN SOCIETY, Respondent.

MORTGAGE BY CORPORATION — ACTION BY STOCKHOLDER FOR REDEMPTION — WANT OF INTEREST IN CONTROVERSY — APPEAL. — In an action by an alleged stockholder in a corporation to redeem a tract of land from a mortgage executed by the corporation, a finding, based upon an issue raised by the answer, that the plaintiff never was a stockholder in the corporation, is a finding, in effect, that the plaintiff had no right to bring the suit, and was not interested in the controversy, and so was not a party aggrieved by the judgment, and could not appeal therefrom.

ID. — APPEAL FROM JUDGMENT — WANT OF BILL OF EXCEPTIONS — DISMISSAL. — Upon an appeal by such plaintiff from the judgment, upon the judgment roll, without a bill of exceptions, the truth of such finding cannot be questioned, nor can errors of law committed at the trial be considered. The finding being taken as true, the appeal must be dimissed.

MOTION to dismiss an appeal from a judgment of the Superior Court of Contra Costa County. William S. Wells, Judge.

The facts are stated in the opinion of the court.

Henry Sears, for Appellant.

A. N. Drown, T. I. Bergin, and G. W. McEnerney, for Respondent.

TEMPLE, J. — This action was brought to effect the redemption of a tract of land from the lien of a mortgage, alleged to have been given by the Brentwood Coal Company, a corporation, to one James T. Sanford. It is alleged that defendant is in possession of the land as assignee of said mortgage, and is holding the land as security. It is also averred that the corporation became insolvent and was disincorporated, plaintiff being at the time a stockholder owning three thousand shares of the capital stock of the corporation. As such stockholder she asserts the right to redeem the land from said mortgage. She charges that the defendant had been in possession for many years, and had received a large amount of rents and

profits from the land, of which she asks an accounting, to determine the amount which will be required to enable her to redeem.

Many other matters are averred in the complaint, which it is not necessary to state.

Issue was taken by defendant upon many allegations in the complaint, and particularly in regard to the ownership of stock on the part of plaintiff in the said corporation. The denial is full and specific, and the court upon that issue found that "the plaintiff herein was not, on the 4th of December, 1883, or prior thereto, and was not at any time since said fourth day of December, 1883, or at the time of the commencement of this action, the owner or holder of three thousand shares, or any shares or share, of the capital stock of said Brentwood Coal Company." This was a finding to the effect that plaintiff had no right to bring the suit, and was not interested in the controversy. That being so, she is not a party aggrieved by the judgment, and cannot appeal therefrom.

The appeal is upon the judgment roll, and without a bill of exceptions. No motion for a new trial was made, or if there was, it does not appear from this record. The finding cannot be questioned on the appeal, nor can we consider errors of law committed at the trial, if such there were. We are asked to consider whether the findings and pleadings support the judgment, and whether they do not necessitate a different judgment. But as the finding must stand that plaintiff has no interest in the matter, she will not be heard upon those questions. (*Blythe* v. *Ayres*, 102 Cal. 260; *In re Blythe*, 108 Cal. 126.)

The relief which appellant demands here is, that the trial court be directed "to enter final judgment in favor of plaintiff, upon the findings and admissions in the pleadings." We are not pointed to any admissions in the pleadings in regard to the ownership, on the part of plaintiff, of any stock in said corporation, or as to her interest in this controversy, and we have found none.

The appeal is dismissed.

McFarland, J., Van Dyke, J., and Garoutte, J., concurred.

Rehearing denied.