[L. A. No. 7549. In Bank.—February 24, 1923.]

In the Matter of the Estate of CHARLES A. PARKINSON, Deceased. JESSIE GUILLOZ et al., Appellants, v. NATIONAL BANK AND TRUST COMPANY, etc., et al., Respondents.

[1] ESTATES OF DECEASED PERSONS — PROCEEDING TO REVOKE WILL — UNDUE INFLUENCE—CONFLICTING EVIDENCE—APPEAL.—In a proceeding for the revocation of the will of a deceased person upon the ground of undue influence, where the evidence is conflicting and there is sufficient evidence to sustain a finding against the petition, the finding cannot be reviewed on appeal.

[2] ID.—EVIDENCE—PROPERTY IN NAME OF ANOTHER.—In a proceeding for the revocation of the will of a deceased person upon the ground of undue influence, evidence is inadmissible to prove that property standing in the name of the one alleged to have exercised the undue influence was in fact the property of the deceased.

[3] ID.—OBJECTION FIRST MADE ON APPEAL.—A claim made on appeal for the first time that such evidence was admissible to show a trust relation between the parties will not be considered.

APPEAL from an order of the Superior Court of Los Angeles County refusing to revoke probate of will. C. P. Vicini, Judge Presiding. Affirmed.

The facts are stated in the opinion of the court.

Albert Sidney Brown and Arthur E. T. Chapman for Appellants.

Stewart & Stewart for Respondents.

WILBUR, C. J.—Appellants filed a petition for the revocation of the will of deceased, and the issue of undue influence raised by them was tried and determined adversely to them in the trial court.

[1] They claim on this appeal from the order refusing to vacate the probate of the will that the finding that the will was not procured by the undue influence of Ida J. Parkinson is contrary to the evidence. Even upon the view of the evidence on this subject most favorable to the appellants, it is clear that there is a conflict of the testimony. Ida J. Parkinson testified, in effect, that she did not exercise any influence whatever upon the decedent in connection with the execution of the will. Other corroborating testimony was received and was amply sufficient to justify the finding of the trial court, and, therefore, that finding cannot be reviewed by us. No useful purpose would be subserved by an analysis of the testimony upon this issue.

[2] Appellants also claim that the trial court erred in its refusal to receive testimony concerning the character and value of the estate of the deceased. The trial court permitted the introduction of evidence showing the value and character of the estate in California. The value, as shown by the inventory, was $5,550. Appellants claim that they had a right to show that certain property standing in the name of the sister, Ida J. Parkinson, was, in fact, the property of the decedent. The reason given the trial court for the introduction of this evidence seems to be, in substance and effect, that the sister would have been more greatly tempted to influence the decedent to make a will in her favor if the property to be derived by her was greater than she would have if it were less. The evidence was not admissible for that purpose. [3] Upon the argument in this court it was claimed that the evidence was also admissible to show a trust relation between the decedent and his sister. It is a sufficient answer to this claim on appeal to state

that it was not made in the trial court as a reason for the admissibility of the evidence when that matter was under discussion.

It is next claimed that the trial court erred in not requiring respondents to produce a document purporting to be a former will of the decedent and in not permitting the appellants to introduce the same in evidence. It appears from the record that the document in question was produced and shown to appellants' attorney and that it was not offered in evidence.

The judgment is affirmed.

Waste, J., Myers, J., Kerrigan, J., Seawell, J., Lennon, J., and Lawlor, J., concurred.