[L. A. No. 13402. In Bank.—December 28, 1933.]

In the Matter of the Estate of LILLIAN C. SMEAD, Deceased.

Richard Hartley, Freston & Files and Ralph Lewis for Appellant.

M. C. Spicer for Respondents.

CURTIS, J.—This is an appeal from an order refusing to settle the final account of Chester R. Smead, as executor of the last will of Lillian Charnock Smead, deceased, and ordering said executor to account to the estate of said decedent for the proceeds of two pieces of real property owned by said decedent and sold by her during her life-

time. The whole controversy hinges upon the question as to whether said two pieces of real property were acquired by said decedent as a gift and were, therefore, her separate property, or whether she acquired them under such circumstances as to make them the community property of herself and her husband, the said Chester R. Smead. If said property was community property, then, upon her death, the whole descended to her husband, as it was acquired after her marriage and prior to the effective date of the amendment to section 1401 of the Civil Code in 1923 giving the wife testamentary disposition over one-half of the community property. If, however, said property was the separate property of the decedent, it was subject to her testamentary disposition. By her will she left devises amounting to $35,000 to which the respondents are entitled, if said property was the separate property of said decedent.

Practically the only question involved in this appeal concerns the action of the trial court in refusing to admit in evidence certain of the proceedings in the case of *Hunt* v. *Price,* offered on behalf of the appellant. That case was instituted by the county treasurer of the county of Los Angeles against decedent under her maiden name of Lillian Charnock Price to recover an inheritance tax from Lillian Charnock Price on the ground that said two pieces of real property were acquired by her as a gift from her uncle, John J. Charnock, and that said gift was made by said John J. Charnock in contemplation of his death. The deed by which said real property was conveyed to decedent ran to her in her maiden name, although she was then, and for more than two years prior thereto had been, married to the appellant herein.

Collateral to this question is the further question whether the error of the court in rejecting this evidence, if it be held to be error, was of so serious a character as to prejudicially affect the rights of the appellant. In this connection the appellant contends that had this evidence been admitted then, with the other evidence before the court, the proof in favor of appellant would have been so overwhelming that the court would have been in duty bound to make findings favorable to appellant. We are of the opinion that the proffered evidence was inadmissible for any purpose and

it will be necessary, therefore, for us to consider only the first of the above-stated questions.

There seems to be considerable confusion as to just what evidence was rejected by the court when it refused the offer of appellant to introduce certain of the proceedings in the case of *Hunt* v. *Price*. The argument of appellant is based almost entirely upon the assumption that appellant offered in evidence the judgment-roll and the entire record, including the evidence of the decedent in that case. Upon this assumption, the appellant argues that the answer of the deceased, who was the defendant in the case of *Hunt* v. *Price*, and her evidence given at the trial of said action, are admissible as admissions against interest made by her during her lifetime and, therefore, they, both the answer and her evidence, are admissible against the respondents who seek to succeed to an interest in her estate. If appellant's premise were correct, there would be no doubt regarding the correctness of his conclusions. The respondents claim under the will of the decedent and, therefore, any statement made by the decedent during her lifetime to the effect, directly or indirectly, that said two pieces of real property were the community property of herself and husband, whether contained in her answer in the *Hunt* v. *Price* case, or in the evidence given in said case, or elsewhere, would be admissible against the respondents who are claiming that said real property was the separate property of decedent. (*Donnelly* v. *Rees*, 141 Cal. 56 [74 Pac. 433]; *Estate of Hill*, 167 Cal. 59 [138 Pac. 690].) But the record in this case shows that neither the judgment-roll nor the evidence of the defendant in *Hunt* v. *Price* was offered in evidence in this case. The matter came before the trial court on two different occasions during the trial. On the first of these occasions, the attorney for the appellant, in an informal manner, offered in evidence the "decree" in the case of *Hunt* v. *Price*. After some discussion, the court stated that it would reserve its ruling upon the offer until the papers in the case of *Hunt* v. *Price* could be examined out of court by the attorney for the respondents in the present action. Thereupon the attorney for the appellant stated that he wished to complete his offer, which he did by expressly stating that, "It is the decree of the Superior Court of the State of California, in and for the

County of Los Angeles, Case No. 74804, entitled'' *Hunt* v. *Price*. On the other occasion, which was toward the close of the trial, the offer was made by the appellant's attorney in the following manner: ''There is one further thing which was an oversight, your Honor. The judgment-roll, the judgment decree in the case of *Hunt* v. *Price*, that was offered during the time when the objectors [respondents] were putting on their case. Now, we have proceeded on the case in defense and we would like to offer that' judgment again as a part of the evidence for the defense on the ground of estoppel on the part of the objectors to raise . . . as evidentiary, at least, of estoppel to the objections that are now being made by the objectors in this case.'' Upon the objection of the respondents that said judgment was incompetent to show any estoppel, the court refused the offer and excluded the evidence. That counsel intended to limit his offer to the judgment alone in the *Hunt* v. *Price* case clearly appears from his statements and arguments made to the court in support of his said offer. No mention was made of the judgment-roll nor of the evidence, except in the single instance appearing above, where appellant's attorney, referring to his previous offer of the judgment, erroneously spoke of it as the judgment-roll, but immediately corrected himself, as appears from his statement quoted above. Neither was any claim made at that time that the evidence was admissible as declarations of the deceased against interest. On the other hand, it was stated and restated that the judgment in the former case was a complete estoppel in the present action to any claim made by the respondents; that it was an adjudication *in rem*, and even if not an adjudication *in rem*, the respondents could not question its determination. ▮ From the record in this case, and particularly from the references thereto just mentioned, it seems clear and beyond dispute that the only offer made by the appellant, and consequently the only evidence which the trial court refused to admit, was the judgment in the case of *Hunt* v. *Price*, and that it was offered for the sole purpose of an estoppel as against the respondents to claim that said two pieces of real property were the separate property of the decedent. ▮ The rule is well established that when evidence is not admissible for the purpose for which it is offered, it is not error for the

trial court to refuse to admit it even though it may be competent for some other purpose. (*Estate of Parkinson,* 190 Cal. 475 [213 Pac. 259]; *Roberts* v. *Roberts,* 168 Cal. 307, 309 [142 Pac. 1080, Ann. Cas. 1916A, 886]; *Cheda* v. *Bodkin,* 173 Cal. 7, 19 [158 Pac. 1025]; *Estate of Boyes,* 151 Cal. 143, 149 [90 Pac. 454].) ▮ But even assuming that this evidence was competent for some other purpose than estoppel, appellant was not injured by its rejection. The only purpose (other than estoppel) for which the appellant contends it was admissible was that it constituted an admission of the deceased against her interest and was, therefore, binding upon the respondents. But there was nothing in the judgment of *Hunt* v. *Price* which could be construed as an admission against interest by Mrs. Smead. The judgment emanated from the court and was signed by the trial judge. It in no way purported to contain any statement or admission of Mrs. Smead or of any other person, except possibly of the judge who directed its entry. Said judgment, therefore, was entirely ineffective as proof of any admission against interest by Mrs. Smead. Appellant's position, however, would not be materially improved if we should hold that his offer included the judgment-roll in the case of *Hunt* v. *Price.* While the answer in that action would have been admissible as a declaration by the deceased against her interest had it been offered for that purpose, yet, as we have seen, it was not offered for that purpose. Therefore, under the rule announced in the case of *Estate of Parkinson, supra,* and kindred cases cited above, it was not error for the trial court to refuse to admit it.

▮ We now come to the consideration of the question as to whether the judgment in the case of *Hunt* v. *Price* was admissible in evidence as an estoppel against the respondents. That action, as we have already seen, was between the county treasurer of Los Angeles County and the decedent. The present controversy is between the successors in interest of the decedent and the appellant. The appellant was not a party to the former action, nor is he a privy to any person who was a party to said action. The judgment in said action has no binding effect upon him and he is in no position to claim as to himself that said judgment has any binding effect upon any of the parties

to said action, or upon their privies. ▉ Estoppel by judgment can only arise and be invoked in subsequent actions where the subject matter of the litigation and the parties are the same. (*People* v. *Rodgers,* 118 Cal. 393 [46 Pac. 740, 50 Pac. 668]; *De Bock* v. *De Bock,* 43 Cal. App. 283 [184 Pac. 890].)

▉ Appellant complains of the hardship the order of the court will entail upon him by compelling him to account for the proceeds of the sale of said two pieces of property which were received by him over a period of more than twenty years prior to the death of his wife. The evidence shows that the proceeds of the sale of these two pieces of property amount to over $250,000. By the will of the decedent all of said property was devised to appellant, except the sum of $35,000, which decedent devised to certain of her relatives, now represented by respondents. As far as this proceeding is involved, unless further claims intervene, the appellant will be required to account only for sufficient property to satisfy the claims of the respondents with interest and costs. Taking into consideration the large amount of property received by appellant from the decedent when compared with the relatively small amount the respondents are entitled to receive, the task of accounting for sufficient property to meet respondents' demands does not appear to this court to be unduly burdensome.

The order is affirmed.

Langdon, J., Preston, J., Seawell, J., and Waste, C. J., concurred.

SHENK, J., Dissenting.—I dissent.

It was of the utmost importance to the appellant as the surviving husband to establish the status of the real property involved as community property. In his endeavor to prove it to be such he offered in evidence certain records in the case of *Hunt* v. *Price,* which was a prior action brought by the county treasurer against the deceased wife in her lifetime to have it established that said real property was her separate property and therefore subject to the state inheritance tax. In her answer to the petition of the county treasurer the wife denied that the conveyance of said real property to her by John J. Char-

nock was a deed of gift and affirmatively alleged that said conveyance was made to her for a valuable and valid consideration. She prevailed in that proceeding and the trial court, in its decree therein, found that "said deed was made upon a valuable consideration". The decree described the consideration in detail, which consideration would constitute the property the community property of the spouses, and further found that "all the allegations in the answer of said respondent herein are true". Based upon its findings in the decree itself the court necessarily concluded that the real property was community property, and that no inheritance tax was due.

The allegation of the decedent in her answer in the case of *Hunt* v. *Price* was a declaration against her interest in respect to said real property and the same was admissible against her successors in interest (sec. 1853, Code Civ. Proc.; subds. 2 and 4, sec. 1870, Code Civ. Proc.; *Donnelly* v. *Rees,* 141 Cal. 56 [74 Pac. 433]; *Steinberger* v. *Young,* 175 Cal. 81 [165 Pac. 432]; 10 Cal. Jur., p. 1098, and cases there cited).

The opinion of the majority sufficiently shows that the appellant in his offer to prove the declaration against interest of the decedent was endeavoring to offer the "judgment-roll" in *Hunt* v. *Price.* Furthermore, the record discloses that it was the judgment-roll which was offered. Not only did counsel refer to the "judgment-roll" in his offer, but the entire judgment-roll is printed in the transcript as the judgment-roll offered in evidence. From this record I am convinced that both counsel and the court considered that the judgment-roll in that proceeding had been offered in evidence. True, in one place in the record counsel referred to his offer as of the "judgment decree". But it seems to me to be a too narrow construction of the language of counsel to confine his offer to that of the decree alone.

Furthermore, assuming that the offer was of the decree alone, the decree itself combines findings of fact, conclusions of law and the judgment. It is therein found that all of the allegations of the answer are true. To interpret the decree in this respect reference might well be made to the answer and to the declaration relied upon. But if this be not strictly so, the decree in that proceeding established the

status of the real property at the behest of the decedent. Said decree was invited by her own sworn statement, and those relying on her asserted title contrary to her former solemn averment should not be relieved from the effect of her declaration. (See *Estate of Hill*, 167 Cal. 59 [138 Pac. 690].) To allow the respondents here to prevail is to permit them to belie the sworn statement of their predecessor in interest pursuant to which the decedent obtained a favorable judgment from the superior court.

The present case, without the declaration against interest, is a close one on the facts. That is to say, with the declaration excluded, a decree in favor of either party would find ample support in the evidence. With the declaration in evidence it is probable that the order from which this appeal was taken would not have been made. The refusal to receive it in evidence was highly prejudicial, and in my opinion the order should be reversed.

Thompson, J., concurred.