[Civ. No. 7004.   Third Dist.   Feb. 29, 1944.]

M. H. MADRUGA et al., Appellants, v. THE BORDEN COMPANY (a Corporation) et al., Respondents.

Howard B. Crittenden, Jr., J. Kingsley Chadeayne and John H. Machado for Appellants.

Robert W. Kenny, Attorney General, Walter L. Bowers, Assistant Attorney General, Pillsbury, Madison & Sutro, Sigvald Nielson, Francis R. Kirkham and Frederick H. Hawkins for Respondents.

PEEK, J.—This is an appeal by plaintiffs from a judgment rendered against them and in favor of the defendants The Borden Company, United Milk Producers of California, R. I. Morse and W. J. Cecil, as Director of Agriculture of the State of California.

United Milk Producers of California, hereinafter referred to as United, is a nonprofit, cooperative association, organized

under the provisions of the Agricultural Code to handle and market the milk produced by its members. The Borden Company, hereinafter referred to as Borden, is a corporation engaged in the distribution of fluid milk in California. Under a contract dated August 1, 1940, Borden agreed to act as distributing agent for United, collect amounts receivable, deduct expenses and remit the balance to United. Under such agreement the producer-members of United received less than the minimum price applicable under the Agricultural Code, to the purchase of milk.

On August 1, 1941, the plaintiffs, who previously were producer-members of United, brought proceedings before the Department of Agriculture which resulted in an order of the department dated August 7, 1941, which is as follows:

"IT IS HEREBY ORDERED that the application of the respondent United Milk Producers of California for a license for the year 1941 as a fluid milk distributor under the provisions of Article 3, Chapter 10, Division IV of the Agricultural Code of this state be and the same is hereby denied, and the application of the respondent The Borden Company for a license for the year 1941 as a fluid milk distributor under the same article of the same code for its plant at 2743 San Pablo Avenue in the City of Oakland, County of Alameda, State of California, be and the same is hereby denied; provided, however, that such application of said respondent The Borden Company may be renewed upon presentation of satisfactory evidence to the Director of Agriculture that said contract between it and United Milk Producers of California dated August 1, 1940, has been terminated and abandoned and that said The Borden Company has paid to the individual producer-members and to all other producers from whom it has received fluid milk since August 1, 1940, the full, applicable minimum prices therefor as established under the stabilization and marketing plan or plans effective during said time."

The basis for the foregoing order was the finding by the hearing officer for the department that said agency contract was merely a subterfuge to circumvent the minimum price schedule and that Borden was in reality the purchaser of the milk of the producer-members of United.

Immediately thereafter Borden and United petitioned this court for a writ of mandate to compel the Director of Agri-

culture to rescind and revoke the order previously made and to issue to each of the petitioners a license for the year 1941. The court concluded that there was ample evidence to sustain the order in question and the demurrer of the respondent director was sustained. (*United Milk Producers* v. *Cecil*, 47 Cal.App.2d 758 [118 P.2d 830].)

Since United, under the agency agreement, had received approximately $55,000 less than the minimum price, said order and decision further established the existence of a debt due from Borden to United in such amount.

In conformity with said order and decision the agency contract was terminated. The amount so found to be due United was applied by Borden against a debt of approximately $73,000 then owing from United to Borden. Such setoff was agreed to by a majority of the members of United. Appellants, however, objected to such procedure and insisted that the members of United should be paid in cash.

Thereafter Borden sought a renewal of its 1941 license and made application for its 1942 license. The validity of the setoff was directly in issue in the second hearing.

In the second hearing the director found that Borden had complied with the conditions of the first order in abandoning the agency contract. The director also found that Borden, in good faith, had set off the $55,000 against the debt owing to it from United. His order, among other things, provided ". . . that the applications of The Borden Company for a license for the year 1941 and for a license for the year 1942 as a fluid milk distributor . . . be and the same are, and each of them is, hereby granted; provided, however, that in the event said applicant does not pay to all producers from whom it has received fluid milk in the Alameda County Marketing Area since August 1, 1940, the full applicable minimum prices therefor as established under the Stabilization and Marketing Plan in effect in said area during said period in the amount or amounts as finally determined by a court of competent jurisdiction in this State in an action to be commenced within thirty days from the date of this order, then such licenses may be forthwith revoked by the Director of Agriculture and any further such licenses denied."

In accordance with such order and within the time therein prescribed, Borden filed an action in the Superior Court in and for the County of Alameda, and also filed a bond in the

sum of $60,000 guaranteeing the payment of all sums that should be found due to the producers. Respondent Borden states in its brief that such action is now at issue and ready for trial.

The present proceeding is one entitled "Complaint for Writ of Mandate and Statutory Review of Administrative Act" and prays that a writ issue directing the director to annul his order of January 7, 1942, and that the application of Borden for licenses be denied.

At the conclusion of the hearing of appellants' petition the trial court found (1) that it was within the power of the director to make the decision and order of January 7, 1942; that there was ample evidence to sustain the order, and that such order was within the sound discretion of the director; (2) that plaintiffs were not aggrieved by said order nor were any rights of theirs affected substantially or at all by said order; (3) that plaintiffs have no interest or standing to prosecute this proceeding; (4) that plaintiffs have no interest in the granting or denial of the applications of The Borden Company for a license, and (5) that plaintiffs have a plain, speedy and adequate remedy at law to recover from The Borden Company such damages, if any, as may be due and owing from The Borden Company to them. Judgment was entered accordingly and the writ was denied.

It is the contention of plaintiffs in this appeal (1) that they are proper parties herein under the provisions of section 737.11 of the Agricultural Code, which provides:

"The director may refuse to grant any license herein provided and may, after due hearing upon a verified complaint signed and filed with the director by any interested person, revoke or suspend any such license as the case may require . . ."; that the director impliedly found they were interested persons within the purview of said section by permitting them to appear in the administrative proceedings, and that the trial court's findings in this regard are against law. In addition it is argued that since Borden claimed the right to set off the debt of United against the amounts owing the producers, including plaintiffs herein, they are therefore definitely interested; (2) that mandamus proceedings are the proper remedy to review acts and decisions of a statewide administrative agency which are in violation of law or where no other remedy is provided, and (3) that the director, having found Borden in violation of the law and refused it a

license until certain conditions were performed, he could not thereafter grant Borden a license either upon other and different conditions or otherwise until such violation had been cured by compliance with the conditions imposed. In regard to the third point raised by appellants it is contended (a) that the claim of payment by Borden by means of the setoff against the money then owing to it by United is res judicata under the decision of this court in *United Milk Producers* v. *Cecil, supra;* (b) that the director had no power to review, annul or vacate his order of August 1, 1941, and (c) that a distributor, once having violated a provision of the statute is thereafter forever foreclosed from obtaining a license.

In support of plaintiffs' first contention reliance is placed upon the case of *Bodinson Mfg. Co.* v. *California Employment Com.*, 17 Cal.2d 321 [109 P.2d 935]. The court did hold that parties to the administrative proceeding should be permitted to retain their status as such throughout the final judicial review by the court of law for the fundamental issues in litigation remain essentially the same. However, such case does not appear to be particularly in point as it was heard upon a demurrer to the complaint for a writ of mandate and on a motion to quash the alternative writ. Therefore the allegations of the complaint relating to the interest of the plaintiff therein as an employer were admitted for the purposes of the demurrer. No question of findings made upon evidence taken at the trial was involved.

In the present case the appeal is upon the judgment roll alone. The trial court specifically found that "plaintiffs herein are not aggrieved by the said decision and order of January 7, 1942, and plaintiffs have no standing to prosecute this proceeding. No rights of the plaintiffs are affected substantially or at all by said decision and order."

By virtue of the record before us it would appear that the case of *Williams* v. *Savings & Loan Society,* 133 Cal. 360 [65 P. 822], which likewise was upon the judgment roll alone, is more nearly in point. There the Supreme Court, commenting upon a finding of the trial court that the plaintiff was not, at a particular time, the owner of the property in controversy, stated: "This was a finding to the effect that plaintiff had no right to bring the suit, and was not interested in the controversy. That being so, she was not a party aggrieved by the judgment. . . ."

The finding and statement in the case cited is comparable to the situation in the instant case wherein there is a specific finding by the trial court that plaintiffs are neither aggrieved by the decision and order nor are any rights of theirs affected thereby. The court, in the Williams case, further stated that when an appeal is upon the judgment roll alone such a "finding cannot be questioned on appeal." (See *Blythe* v. *Ayres,* 102 Cal. 254 [36 P. 522] ; *In re Blythe,* 108 Cal. 124 [41 P. 33].)

▉ Appellants' second contention that mandamus proceedings are the proper remedy to review acts and decisions of an administrative agency is in general a correct statement of the law. (*Bodinson Mfg. Co.* v. *California Employment Com., supra.*) However, such general statement of the law is subject to certain qualifications.

The statutory limitation that a writ of mandate may issue only when, in the judgment of the court, there is not a "plain, speedy and adequate remedy" (sec. 1068, Code Civ. Proc.) in the ordinary course of law is applicable to the writ when used as a writ of review of administrative order. (*Drummey* v. *State Board of Funeral Directors,* 13 Cal.2d 75 [87 P.2d 848].) However, as petitioner is not entitled to the writ as a matter of right (*Bartholomae Oil Corp.* v. *Superior Court,* 18 Cal.2d 726 [117 P.2d 674], it is therefore incumbent upon him to state a prima facie case entitling him to relief. (*Sipper* v. *Urban,* 22 Cal.2d 138 [137 P.2d 425].) That appellants herein failed in this regard is evidenced by the specific finding of the trial court that "plaintiffs have a plain, speedy and adequate remedy in the ordinary course of law to recover from The Borden Company such money damages, if any, as may be due and owing from The Borden Company to said plaintiffs, or any of them."

No showing is made in the record before this court that appellants made any attempt to prove either that the issuance of a writ of mandamus denying to Borden a license to engage in business would promote justice (*Betty* v. *Superior Court,* 18 Cal.2d 619 [116 P.2d 947]) ; that the director in making his order of January 7, 1942, abused his discretion, or that the judgment of the trial court was in abuse of its discretion. (*Silver Burdett Co.* v. *State Board of Education,* 36 Cal.App.2d 714 [98 P.2d 533].)

In support of subdivision (a) of their last contention plaintiffs state, without further amplification, that "all of

the evidence pertaining to the claim of payment made by The Borden Company at the second hearing before the director was before the director on the first hearing,'' and that ''it also appears from the decision and the records in *United Milk Producers of California* v. *Cecil* . . . that this evidence was also before the court on that mandamus proceeding;'' and therefore respondents are precluded by the doctrine of res judicata.

While the judgment or order in respect to the matter adjudged is conclusive as between the parties and their successors (sec. 1908, Code Civ. Proc.), yet a party in order to avail himself of the plea of res judicata must allege affirmatively such judgment in his pleading if there be an opportunity so to do, or if there be no such opportunity the judgment may be used as evidence. (Sec. 1962, subd. 6, Code Civ. Proc.; *Pillsbury* v. *Superior Court*, 8 Cal.2d 469, 472 [66 P.2d 149]; *Rideaux* v. *Torgrimson*, 12 Cal.2d 633, 638 [86 P.2d 826].) However, such a pleading is of no effect unless the subject matter of the litigation and the parties are the same. (*Estate of Smead*, 219 Cal. 572, 578 [28 P.2d 348].) Without having heretofore entered such plea or having offered in evidence the judgment and record in the case of *United Milk Producers* v. *Cecil, supra,* appellants cannot now urge the doctrine of res judicata.

We cannot agree with appellants' contention that the same evidence was presented at both hearings before the director.

The first hearing involved the validity of the so-called agency agreement between United and Borden. No issue was raised therein regarding the payment to the producers.

The second hearing before the director involved an entirely different question, i. e. whether Borden had paid this debt by a valid setoff. The setoff was made after this court had found that the agency agreement in question was invalid and that the transaction was a direct purchase of milk and therefore subject to the price statute. Nor could this question have been determined in the case of *United Milk Producers* v. *Cecil, supra,* for it was not then in issue, and obviously no evidence concerning it could have been introduced, as the alleged payment by means of the setoff had not at that time been made.

But appellants argue that in any event even if such evidence had not been before the director and the court,

nevertheless, it is the rule that proceedings for review of administrative orders by mandate include a trial de novo in which any factual matter, even though not in the administrative record, is properly a matter for an independent judicial consideration and determination, and as authority for such statement cite the case of *Laisne* v. *California State Board of Optometry*, 19 Cal.2d 831 [123 P.2d 457].

Apparently it is the theory of appellants that when a petition for mandamus to review an order of an administrative agency of this state is filed it *ipso facto* nullifies such order of the agency and throws the matter open for an entirely new hearing before the court. Such a broad conception of a trial de novo on mandamus proceedings for a review of an administrative order is no longer the rule in this state since the case of *Dare* v. *Board of Medical Examiners*, 21 Cal.2d 790 [136 P.2d 304].

In the later case of *Sipper* v. *Urban, supra,* the court affirmed the order of the trial court denying the petition for a writ of mandate on the ground that the record of the proceedings before the real estate commissioner showed sufficient evidence to sustain the findings of the commissioner. On appeal, the petitioner contended that the trial court erred to his prejudice in not according him a hearing on his petition. Mr. Justice Schauer, in his concurring opinion, stated: "The complete trial de novo doctrine of the Laisne case has been abandoned." He further stated that the rule since the Dare case is that "the procedure as now declared gives the reviewing court the power and duty of exercising an independent judgment as to both facts and law, but contemplates that the record of the administrative board shall come before the court endowed with a strong presumption in favor of its regularity and propriety in every respect and that the burden shall rest upon the petitioner to affirmatively, competently, and convincingly, support his challenge. In other words, rarely, if ever, will a board determination be disturbed unless the petitioner is able to show a jurisdictional excess, a serious error of law, or an abuse of discretion on the facts."

It is to be noted that the cases granting a review to one whose license has been revoked by an administrative agency do not establish the principle that a third party should be accorded such right as an "interested party." Affording a licensee or an applicant judicial review is pred-

icated upon the theory that administrative agencies, due to constitutional limitations, do not exercise judicial powers, and that to allow a nonjudicial body exclusively to determine one's right to practice a profession or engage in a licensed business would be violative of due process of law. Such reasoning is not applicable to the objections of a third party to the issuance or renewal of such a license as are raised herein by appellants.

The opinion herein expressed in relation to the question raised in subdivision (a) under appellants' third contention appears to be a complete answer to the argument made in subdivision (b) of the same contention that the director had no power to renew, annul or vacate his previous order. As has been previously pointed out the first order determined the invalidity of the agency contract while the second order was concerned solely with the question of whether the debt thereby created had been properly paid by the setoff of Borden.

Even if it be assumed that appellants' contention in this regard is correct and that the director by his order of January 7, 1942, granted a license to Borden upon different conditions than did the order of August 1, 1941, and thereby exceeded his authority, the error, if any, was confined to that portion of the second order granting a license for the year 1941. However, because of its date the order of January 7, 1942, was but an idle act insofar as the 1941 license was concerned, and any question which could arise from such portion of the order is now moot. (*E. J. Carroll Co., Ltd.* v. *Insurance Commissioner*, 2 Cal.2d 260 [38 P.2d 780].)

With the last point (subd. (c) third contention) made by appellants we likewise cannot agree. The two cases cited by them in support thereof (*Jersey Maid Milk Products Co.* v. *Brock*, 13 Cal.2d 620 [91 P.2d 577], and *Ray* v. *Parker*, 15 Cal.2d 275 [101 P.2d 665]) do not appear to be in point. In the first case the court was directly presented with an attack upon the constitutionality of the Milk Stabilization Act, and that of section 737.5(a) of the Agricultural Code as an unlawful delegation of legislative power to the director, and that the section provided no standards for guidance of the director in the issuance of licenses to distributors. The court held that such section, when read in connection with section 737.11 provided adequate standards not only to guide

the director in refusing a license but also revoking or suspending licenses already issued. In the Ray case the court merely reiterated the language of the previous case. In neither of the two cases was the court called upon nor did it pass upon the additional provisions of section 737.11 providing for the "affixing such other conditional and probational orders as may be proper for the enforcement of this chapter any of the provisions hereof or of any stabilization and marketing plan formulated hereunder."

The Legislature, in granting the director the power under such section to issue a license upon such conditional and probational provisions as he may deem proper, has recognized that all violations do not carry the same degree of culpability. In the present case there was apparently no thought of punitive measures. The director apparently believed that full payment of the established minimum prices under the Market Stabilization Act should be made in lawful money and that such payment could not be accomplished through the means adopted by Borden. However, he also recognized that such facts presented a problem which had not been passed upon by the courts of this state; that a contrary view was urged in good faith by Borden that it had deposited sufficient security for the payment of such minimum prices; that compliance with the law was assured, and that under such circumstances to withhold the license from the applicant and deprive it of the right to do business was such a drastic penalty as could not be imposed upon the applicant.

Under such circumstances it cannot be said that the order of the director was not within the power conferred by the statute.

The judgment is affirmed.

Adams, P. J., and Thompson, J., concurred.