Filed 4/4/14  Keller v. City of Roseville CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

----

| | |
|---|---|
| RICHARD W. KELLER,<br><br>  Plaintiff and Appellant,<br><br>  v.<br><br>CITY OF ROSEVILLE et al.,<br><br>  Defendants and Respondents. | C072379<br><br>(Super. Ct. No. SCV0028715) |

Richard Keller operates Classic Tow Service, a business that has participated in a tow rotation program operated by the City of Roseville (City).  To enter a newly instituted lottery for selecting among towing companies, the City required entrants to ensure their impound yards complied with the City's zoning laws.  An impound yard complies with the City's zoning laws if it is (1) located in a zone that allows impound yards as a matter of right, (2) operated with a conditional use permit in a zone allowing such use, or (3) on a site for which the impound yard is recognized as a legal nonconforming use.  Keller disagreed with the City's determinations that several competitor towing companies were operating their impound yards in compliance with the zoning laws.  To challenge the City's determinations, Keller filed a petition for writ of

1

mandate. The trial court dismissed the petition on grounds Keller lacked standing and the City's determinations were supported by substantial evidence.

On appeal, Keller asserts he has standing to challenge the City's determinations. On the merits, he raises several arguments in which he urges us to conclude five tow companies in the City are operating in violation of the zoning laws.

We conclude Keller lacks a beneficial interest sufficient to confer standing, the public interest exception does not apply, and he forfeited the contention that his action qualifies as a taxpayer suit. For lack of standing, we affirm the trial court's dismissal of his petition for writ of mandate.

BACKGROUND

In his writ petition, Keller alleged he received notice in 2008 that the City's police department was instituting a lottery system to select which tow companies would be allowed to participate in the City's tow rotation program. In response, Keller asked the City to investigate whether several of his competitors were operating in violation of applicable zoning laws. Keller also urged the City's planning department to eliminate the lottery program and "just implement the laws already set forth in the Zoning Ordinance and [the City's tow service agreement]." The planning department responded that all towing companies participating in the lottery either had a conditional use permit or were legal nonconforming within their zones. Keller challenged the planning department's determination of compliance by his competitors before the city council. Ultimately, the city council determined all of the challenged towing companies were operating in compliance with the zoning laws.

Keller filed his writ petition in superior court. The petition alleged Keller has standing on grounds "he has suffered financial harm in the uneven playing field of competition that he has been forced to play in and will continue to suffer as a result of" the City's determinations that competitor towing companies were in compliance with the City's zoning codes. Keller asserted he had a "beneficial interest" sufficient to give him

standing to file the petition based on his status as "a vested property owner in the City." Specifically, he challenged the City's determination of zoning compliant use by Sierra Hart Towing, Ace in the Hole Towing, Anderson Tow Service, Jake's Tow Service, and LJ's Auto Towing and Repair.

The City opposed the petition and argued, inter alia, that Keller lacked standing to pursue his claims.

The trial court concluded Keller lacked standing to pursue his claims. Additionally, the court found substantial evidence supported the City's determination that all challenged towing businesses were operating impound yards in compliance with the City's zoning laws. Keller timely filed a notice of appeal.

DISCUSSION

I

*The Jurisdictional Requirement of Standing*

Keller contends the trial court erred in finding he lacked sufficient beneficial interest to confer standing. We are not persuaded.

**A.**

*Beneficial Interest*

As a jurisdictional prerequisite, a petitioner must have standing in order to invoke the power of a court to grant writ relief. (*Waste Management of Alameda County, Inc. v. County of Alameda* (2000) 79 Cal.App.4th 1223, 1232 (*Waste Management*) disapproved on another point in *Save the Plastic Bag Coalition v. City of Manhattan Beach* (2011) 52 Cal.4th 155, 167-168, 170 & fn. 5 (*Save the Plastic Bag*).) "As a general rule, a party must be 'beneficially interested' to seek a writ of mandate. (Code Civ. Proc., § 1086.) 'The requirement that a petitioner be "beneficially interested" has been generally interpreted to mean that one may obtain the writ only if the person has some special interest to be served or some particular right to be preserved or protected over and above the interest held in common with the public at large. [Citations.] As Professor Davis

3

states the rule: "One who is in fact adversely affected by governmental action should have standing to challenge that action if it is judicially reviewable." (Davis, 3 Administrative Law Treatise (1958) p. 291.)' (*Carsten v. Psychology Examining Com.* (1980) 27 Cal.3d 793, 796–797.) The beneficial interest must be direct and substantial. (*Parker v. Bowron* (1953) 40 Cal.2d 344, 351; *Braude v. City of Los Angeles* (1990) 226 Cal.App.3d 83, 87; 8 Witkin, Cal. Procedure (5th ed. 2008) Extraordinary Writs, § 75, p. 956.)" (*Save the Plastic Bag,* at p. 165.)

In assessing whether Keller has a beneficial interest sufficient to confer standing, we find instructive our decision in *Waste Management, supra*, 79 Cal.App.4th 1223. In that case, Waste Management was required to prepare an environmental impact report under the California Environmental Quality Act (CEQA) before receiving a classification upgrade allowing it to accept certain designated wastes. (*Id.* at pp. 1230-1231.) When a nearby competitor, Browning-Ferris, received a classification upgrade for its disposal site without having to prepare an environmental impact report, Waste Management filed a petition for writ of mandate to compel Browning-Ferris to undergo the same CEQA review. (*Id.* at p. 1231.) The trial court issued a peremptory writ of mandate, and this court reversed on the ground that Waste Management lacked standing. (*Id.* at pp. 1228-1229.) As we explained, "Waste Management's interest in this litigation has been commercial and competitive due to the fact both Waste Management and Browning–Ferris are in the business of solid waste disposal. In essence, Waste Management complains that it was required to go through a permit revision process with CEQA review, while Browning–Ferris was not, thus identifying its injury as the extra cost it incurred and continuing competitive injury due to Browning–Ferris's lower costs." (*Id.* at p. 1229.)

Here, the trial court found "Keller's complaints are directed to the City's determination regarding the zoning of other towing companies, not his own. Keller does not assert that the City has made arbitrary, unfair or incorrect determinations with respect

4

to his towing company. The determinations that Keller challenges are not determinations that may be enforced against Keller. [Citation.] Keller does not assert that he has been deprived of any rights or benefits of the zoning determinations at issue." The trial court further found, "Keller's interest in having competing towing companies incur similar costs to what he has incurred in obtaining conditional use permits to operate an impound lot does not serve as a beneficial interest in this action."

We conclude Keller lacks standing to challenge the City's determination that his competitors are operating their impound yards in harmony with the applicable zoning laws. Keller's petition alleges that the petition is based on his financial self-interest in having the City revoke the nonconforming use determinations for several competitor towing companies. As in *Waste Management*, Keller's commercial interest in having competing companies incur the same regulatory burdens and costs does not constitute a beneficial interest sufficient for standing. (79 Cal.App.4th at p. 1234.) In *Waste Management*, we held the business strategy of resorting to the courts to require a competitor to incur similar regulatory costs "can only be an indirect interest from the standpoint of the law." (*Id.* at p. 1234.) The same result applies here in which Keller's pleading establishes that the basis for the action is a competitive interest in disqualifying other towing companies from participating in the City's tow rotation program. Based on the allegations in Keller's writ petition, we reject his attempt to distinguish *Waste Management* on grounds it involved a petition whose "sole concern was one of commercial competitiveness."

Keller also argues he has standing because he participated in the administrative proceedings to challenge the zoning determinations regarding his competitors. In support, he relies on the case of *Bodinson Mfg. Co. v. California Employment Com.* (1941) 17 Cal.2d 321 (*Bodinson*). *Bodinson* involved an employer who sought mandamus to set aside a decision by the California Employment Commission (Commission) awarding unemployment compensation to several of its former employees.

5

(*Id.* at p. 323.) The employer sought mandamus after exhausting its administrative remedies before the full Commission. (*Id.* at p. 323-324.) The question presented for the California Supreme Court's decision in *Bodinson* was whether mandamus could be used to challenge the decision of an administrative agency. (*Id.* at p. 329.) Acknowledging the historical use of mandamus had been quite narrow, the court nonetheless concluded the writ of mandamus is available to review the decisions of administrative agencies. (*Id.* at p. 329-330.) The employer in *Bodinson* had standing to seek mandamus because the outcome directly affected its obligation to pay into the unemployment insurance fund. As the *Bodinson* court noted, "it seems apparent that the employer whose reserve account is affected is the only person having sufficient incentive to challenge a decision awarding benefits." (*Id.* at p. 330.)

The *Bodinson* court also noted the employer had participated in the administrative proceedings prior to filing its petition for a writ of mandate. (17 Cal.2d at p. 330.) The court stated, "We are aware of no authority which holds that a person permitted by statute to participate as an interested party in the administrative hearings and to take appeals at the administrative level is, nevertheless, without a sufficient interest in the result to test the legality of the final decision before a court of law. Indeed, it seems to us that elemental principles of justice require that parties to the administrative proceeding be permitted to retain their status as such throughout the final judicial review by a court of law, for the fundamental issues in litigation remain essentially the same." (*Id.* at p. 330.)

Keller seizes on this language to assert his participation in the administrative proceedings before the City necessarily confers standing. A similar contention was rejected in *Madruga v. Borden Co*. (1944) 63 Cal.App.2d 116 (*Madruga*). In *Madruga*, milk producers participated in proceedings before the Department of Agriculture to challenge the license of Borden Company, a milk distributor. (*Id.* at p. 118.) After the license was granted, the milk producers sought to challenge the determination by seeking a writ of mandate. (*Id.* at p. 121.) The trial court found the milk producers were not

6

aggrieved by the decision, and this court affirmed. (*Id.* at pp. 121, 126.) This court distinguished *Bodinson*, *supra*, 17 Cal.2d at page 321, as a case in which the procedural posture meant that "the allegations of the complaint relating to the interest of the plaintiff therein as an employer were admitted for the purposes of the demurrer. No question of findings made upon evidence taken at the trial was involved." (*Madruga* at p. 121.) Thus, the question of whether the petitioner was aggrieved was not an issue before the *Bodinson* court. (*Id.* at p. 121.) However, in *Madruga,* as in this case, the trial court made the factual finding that the petitioner was not sufficiently aggrieved merely because of a pecuniary interest in the granting of a license (or, as in this case, nonconforming use) to another business. (*Ibid.*)

The employer in *Bodinson* participated in the administrative proceedings as a party, whereas in *Madruga* the milk producers had been involved only as complaining citizens. As one treatise notes, "A person may have been involved (*e.g.*, *as a complaining citizen*) in the administrative hearing and still lack sufficient standing to petition for mandamus." (1 Cal. Administrative Mandamus (Cont.Ed.Bar 3d ed. 2009 supp.) § 7.6, p. 305, second italics added.) Consequently, Keller's participation in the administrative proceedings as a complaining citizen by itself does not confer standing.

We also reject Keller's assertion he has standing because a petitioner "may have status to sue when the petitioner can show that the petitioner's business operations are inextricably interwoven in the agency's threatened conduct." First, Keller's petition does not make the factual assertion that his business operations are inextricably interwoven with the City's actions. (*Alfaro v. Community Housing Improvement System & Planning Ass'n, Inc.* (2009) 171 Cal.App.4th 1356, 1396 (*Alfaro*) [issue forfeited when facts in support were not alleged in the trial court].) Second, Keller's grounds for relief are not based on any action by the City against him or his business but only against his competitors. In other words, the City's actions do not directly affect him and are not

7

inextricably interwoven with his business. (*Employees Service Ass'n v. Grady* (1966) 243 Cal.App.2d 817, 827.)

We conclude Keller lacks a beneficial interest sufficient to confer standing to seek a writ of mandamus to challenge the City's zoning determinations for his competitor towing companies.

**B.**

*Public Interest Standing*

Keller argues that even if he personally lacks a beneficial interest, he nonetheless has standing under the public interest exception. We disagree.

"As a general rule, a party does not have standing to seek a writ of mandate unless that party is 'beneficially interested.' (Code Civ. Proc., § 1086.) An exception to this general rule of standing exists where the mandamus petition seeks to enforce a public duty and raises a question of public right. (*Save the Plastic Bag, supra*, 52 Cal.4th at p. 167.) In those circumstances, a citizen has standing based on his or her interest in having the laws executed and the duty in question enforced. (*Ibid*.) Our Supreme Court has referred to this type of standing as 'public interest standing' and the type of lawsuit in which it exists as a 'citizen suit.' (*Id*. at p. 168.)" (*Consolidated Irrigation Dist. v. City of Selma* (2012) 204 Cal.App.4th 187, 202.)

The mere assertion of an interest in having the laws executed does not necessarily confer public interest standing. As the California Supreme Court has held, "No party, individual or corporate, may proceed with a mandamus petition as a matter of right under the public interest exception." (*Save the Plastic Bag, supra,* 52 Cal.4th at p. 170, fn. 5.) The court went on to note, "As the *Waste Management* court correctly observed, 'Judicial recognition of citizen standing is an exception to, rather than repudiation of, the usual requirement of a beneficial interest. The policy underlying the exception may be outweighed by competing considerations of a more urgent nature. (*Green v. Obledo* [(1981)] 29 Cal.3d [126,] 145; see also *Nowlin v. Department of Motor Vehicles* (1997)

8

53 Cal.App.4th 1529, 1538.)' (*Waste Management, supra,* 79 Cal.App.4th at p. 1237.)" (*Save the Plastic Bag,* at p. 170, fn. 5.)  In determining whether a petitioner has public interest standing, we engage in a "balancing of interests, and the interest of a citizen may be considered sufficient when the public duty is sharp and the public need weighty." (*Waste Management*, *supra*, 79 Cal.App.4th at p. 1237.)

Here, the trial court found that Keller "fails to establish that an important public right is at issue such that the public interest exception to the beneficial interest requirement should apply."  We agree.  The City has engaged in administrative proceedings demonstrating an examination of whether the nonconforming use determinations for Keller's competitors were properly made.  Thus, the agency charged with zoning code compliance has shown it is ready and willing to ensure the zoning laws are applied.  The public need for Keller to pursue the present action is weak because it is redundant with the City's efforts.  Moreover, the City has shown a willingness to fulfill its public duty to ensure zoning code compliance.

Keller's opening brief purports to take the following quote from *Blankenship v. Michalski* (1957) 155 Cal.App.2d 672, at page 673:  "It has been held that the requirement of beneficial interest is satisfied if the petitioner is a resident of the community inasmuch as the enforcement of a zoning ordinance is a matter of public interest to the total community."  We have not found the quoted language anywhere in *Blankenship v. Michalski*, which concerned only the issue of whether a public official had sufficient discretion in carrying out a particular duty to defeat any relief that could be granted by writ of mandate.  (*Id.* at pp. 674-675)

We also reject Keller's reliance on *Burrtec Waste Industries, Inc. v. City of Colton* (2002) 97 Cal.App.4th 1133 (*Burrtec*).  The *Burrtec* court concluded a trash company had standing under the public interest exception to challenge the sufficiency of CEQA review of a competitor's solid waste facility.  (*Id.* at pp. 1136, 1138-1139.)  In *Burrtec*, the Court of Appeal noted that "[s]ufficient evidence supports the superior court's

9

determination that the express beneficial interest asserted by Burrtec is not rank commercialism but rather the need for public notice under CEQA. The record establishes Burrtec has a genuine and continuing concern for environmental matters and for compliance with the CEQA process." (*Burrtec,* at p. 1139.) Here, by contrast, Keller's petition alleges the basis for standing is the inequity of the "financial harm" due to the "uneven playing field of competition" resulting from the City's zoning determinations.

Keller is not acting as a citizen with a public interest in the City's enforcement of zoning laws. Instead, Keller's petition states economic self-interest serves as the basis for the present action. Accordingly, the public interest standing exception does not apply.

## C.

### *Taxpayer Standing*

Keller asserts –- for the first time on appeal –- this action is a taxpayer suit. Keller's petition for writ of mandate does not allege any facts showing the City has engaged in illegal expenditures or waste of public resources. For failure to present the claim as a taxpayer suit in the trial court, Keller has forfeited the claim.

Keller premised his petition for a writ of mandate on allegations that the City erred in making its zoning code determinations. To respond to Keller's petition, the City was not required to rebut any factual allegation of misuse of public resources or illegal expenditures. "As a general rule a party is not permitted to change its position on appeal and raise new issues not presented in the trial court. [Citation.] This is particularly true 'when the new theory depends on controverted factual questions whose relevance thereto was not made to appear' in the trial court." (*Alfaro, supra,* 171 Cal.App.4th at p. 1396, quoting *B & P Development Corp. v. City of Saratoga* (1986) 185 Cal.App.3d 949, 959.) Accordingly, we deem Keller's contention regarding the present action being a taxpayer suit to be forfeited for failure to allege facts in support of this theory in the trial court.

10

DISPOSITION

The judgment of dismissal is affirmed.  The City of Roseville shall recover its costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(1) & (2).)


                              HOCH      , J.



We concur:



      RAYE      , P. J.



      ROBIE      , J.



11