[L. A. No. 1232.   Department One.—July 11, 1904.]

## FRANK ELLIS et al., Appellants, v. W. H. WORKMAN, Treasurer of the City of Los Angeles, H. C. WITMER, and D. F. DONEGAN, Respondents.

STREET-IMPROVEMENT BOND—CERTIFICATE OF SALE—CANCELLATION OF BOND—MANDAMUS — INSUFFICIENT PETITION — PRESUMPTIONS.—A petition for a writ of mandate to a city treasurer to compel the cancellation of a street-improvement bond, under which petitioners' property was sold for failure to pay installments and a certificate of sale issued to the purchaser, which does not show that the sale was irregular or illegal, is insufficient upon demurrer. It must be presumed upon such demurrer that the official duty of the treasurer was regularly performed, that the property was regularly and legally sold, and that all legal steps were taken to make the certificate of sale valid in the hands of the purchaser, and that no remaining interest is left in the property other than the right to redeem from the sale.

ID.—EFFECT OF UNCANCELED BOND—RIGHT TO REDEEM.—The bond is not a lien upon the right to redeem, and where the sale was valid for the full amount of the bond the right to redeem would still remain, though the bond were not marked paid, and the uncanceled bond could not affect that right. The exercise of that right will dispose of the sale and of the bond, and clear the title of record. Until such a redemption is effected, the owners of the property cannot claim that they are injured by a failure to cancel the bond or to mark it paid.

ID.—WRIT OF MANDATE, WHEN NOT ALLOWED.—The writ of mandate will not issue, where the plaintiff fails to show that it will subserve or protect some right or interest of his, as a party beneficially interested, or where it is apparent that he has no direct interest in the action sought to be decreed, and that no benefit can accrue to him.

APPEAL from a judgment of the Superior Court of Los Angeles County.   D. K. Trask, Judge.

The facts are stated in the opinion.

Goodrich & McCutchen, for Appellants.

Lynn Helm, for Respondents.

GRAY, C.—This is an appeal from an order and judgment of the court denying plaintiffs' petition for a writ of mandate.

The petition alleges in substance that certain real estate belonging to plaintiffs was sold by the defendant treasurer of the city of Los Angeles, for failure to pay the installments of a certain street-improvement bond constituting a lien thereon, to the defendant Donegan for $4,435.34, which sum was the total amount of said bond and interest, and that said treasurer, as such, issued to Donegan a certificate of said sale. It was further alleged that notwithstanding the full payment of said bond by said sale the said treasurer failed and refused to cancel and mark it paid, and left it remaining as a lien upon said property.

A demurrer to the petition was sustained and the judgment appealed from followed.

We think the demurrer was properly sustained. There is nothing in the petition to show that the sale of the property was irregular or illegal. It will be presumed that official duty has been regularly performed. We must therefore presume that the property was regularly and legally sold as provided by the statute, and that all the legal steps were taken necessary to make the certificate of sale valid in the hands of the purchaser. The plaintiffs would then have no interest remaining in the property that could be affected by the improvement bond, canceled or uncanceled. Their right to redeem would still remain though the bond were not marked paid, and the uncanceled bond could form no possible cloud upon that right. The real thing that affects plaintiffs' title to their property is the outstanding certificate of sale, and this would still be outstanding though the bond were canceled. And inasmuch as the sale was to the holder of the bond for an amount covering the bond, a redemption from the sale and a proper record of such redemption will have the effect to dispose not only of the certificate of sale, but also of the bond, and thus clear the title of record. There is only one indebtedness and one creditor, and when that indebtedness is discharged it also discharges everything in the nature of an encumbrance securing that indebtedness held by the creditor. The right to redeem is optional and may never be exercised. If it is exercised it will cost the same to redeem whether the bond is previously canceled or not. The bond is not a lien upon the right to redeem, and can only become obnoxious to the financial interests of plaintiffs when they shall have exercised their right

of redemption and shall have been thus reinvested with the unencumbered title to the property. Then, and not till then, can they claim that they are injured by the failure to cancel the bond.

The writ of mandate will not issue in a case where the plaintiff fails to show that it will subserve or protect some right or interest of his. (*North* v. *Board of Trustees,* 137 Ill. 296.) It will issue only "on application of the party *beneficially* interested." (Code Civ. Proc., sec. 1086.) The writ will not lie "where it is apparent that the relator has no direct interest in the action sought to be coerced, and that no benefit can accrue to him from its performance." (High on Extraordinary Legal Remedies, sec. 33.)

The judgment should be affirmed.

Harrison, C., and Smith, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.    Angellotti, J., Shaw, J., Van Dyke, J.