[S. F. No. 7342.   Department One.—July 22, 1915.]

## In the Matter of the Estate of TOBE FUNKENSTEIN, Deceased.

ESTATE OF DECEASED PERSON—PETITION FOR LETTERS OF ADMINISTRATION—ORDER DENYING—APPEAL—DISMISSAL.—Where the probate court denied a petition for letters of administration upon the estate of a deceased person made by one claiming to be a resident of the state of California, and a grandson of the deceased, the court finding that the petitioner was a grandson of the deceased, but not a resident of the state, an appeal by the contestants generally from the order denying the petition and specifically from that part of the findings which declared that petitioner was a grandson of the deceased, will be dismissed, as the order being in their favor, they are not aggrieved by it; and the appeal from that portion of the findings declaring that the petitioner was an heir at law should be dismissed; first, because that fact was not essential to support the order of the court; and second, no appeal lies in probate cases from a finding, the appeal lying only from the order denying the letters.

ID.—APPEAL—IMMATERIAL AND INCONSISITENT FINDINGS.—Where a finding is contrary to a judgment or order rendered, or immaterial to it, and the judgment or order is based upon other findings that do support it, the findings contrary or immaterial are not adjudications against the party who prevails.

ID.—PROBATE MATTERS—APPEALS—FINDINGS.—Appeals lie in probate cases only when given by statute and no statute allows an appeal from a finding.

MOTION to dismiss an appeal from an order of the Superior Court of the City and County of San Francisco denying a petition for letters of administration upon the estate of a deceased person.   George A. Sturtevant, Judge.

The facts are stated in the opinion of the court.

Edgar D. Peixotto, Leon Samuels, and J. R. Pringle, for Appellants.

George Lezinsky, and William H. Chapman, for Respondent.

At the close of the argument Shaw, J., delivered the opinion of the court, Sloss, J., and Lawlor, J., concurring.

The motion to dismiss will be granted.

Arturo Wolf applied for letters of administration on the estate of Tobe Funkenstein. His petition states two essential facts: 1. That he is a resident of the city and county of San Francisco, state of California; 2. That he is an heir at law of the deceased, that is to say, a grandson. The contestants denied that he was a resident of California, or a grandson or heir of the deceased Tobe Funkenstein. The court made its findings on these issues, one that Arturo Wolf was a grandson of the deceased and an heir at law, the other that he was not a resident of this state, but was a resident of Guatemala, Central America. Following these findings was a conclusion of law that he was not entitled to administration. Thereupon a formal order was made denying his petition for letters of administration.

The contestants appealed generally from the order denying his petition and specifically from that part of the findings which declared that he was a grandson and heir of Tobe Funkenstein.

So far as the appeal from the order denying his petition is concerned, the appeal must be dismissed because that order was in favor of the appellants here and they are not aggrieved by an order made in their favor.

The appeal from the portion of the findings declaring that Arturo Wolf was an heir at law of decedent is dismissed for two reasons; the first reason is that the fact that he was an heir at law of the decedent was not essential to support the order made by the court. So far as it went it tended to support an order granting him letters. The order denying letters was not based on that finding, but was necessarily based upon the finding that he was not a resident of California, and was a resident of Guatemala, Central America. Otherwise the order should have been to the contrary. It is pretty well settled in this state and elsewhere that where a finding is con-

trary to a judgment or order rendered, or immaterial to it, and the judgment or order is based upon other findings. that do support it, the findings contrary or immaterial are not adjudications against the party who prevails. The following cases establish this proposition: *Fulton* v. *Hanlow,* 20 Cal. 483; *Lillis* v. *Emigrant Ditch Co.,* 95 Cal. 559, [30 Pac. 1108]; *Chapman* v. *Hughes,* 134 Cal. 654, [58 Pac. 298, 60 Pac. 974, 66 Pac. 982]; *Collins* v. *Gray,* 154 Cal. 135, [97 Pac. 142]; *Lance* v. *Shaughnessy,* 86 Hun, 411, [33 N. Y. Supp. 515]; 1 Freeman on Judgments, sec. 271. Therefore, even if the appeal would lie from a finding, the appellants are not aggrieved. The second reason is that appeals lie in probate cases only when given by statute and no statute allows an appeal from a finding. The appeal lies only from the order denying the letters. (Code Civ. Proc., sec. 963.)

For these reasons the motion to dismiss the appeal is granted and the appeal is dismissed.