[Civ. No. 14636. Second Dist., Div. Two. Apr. 3, 1945.]

FREDERICK THOMASSON, Appellant, v. ALFRED JONES, as County Surveyor, etc. et al., Respondents.

Jerrell Babb for Appellant.

J. H. O'Connor, County Counsel, and Ernest Purdum and Edward H. Gaylord, Deputy County Counsel, for Respondents.

WOOD (W. J.), J.—The appellant, a licensed surveyor, filed a petition in the superior court asking for a writ of mandate to compel the County Surveyor and the County Recorder of Los Angeles County to accept for recordation a record of survey of a tract of approximately 10 acres of land situated near Newhall. The trial court sustained a demurrer to the complaint, giving plaintiff permission to amend and "to join Bermite Powder Company as a petitioner." Petitioner declined to amend and judgment was entered in favor of defendants from which the appeal is prosecuted.

Petitioner is an employee of Bermite Powder Company, which is engaged in national defense work for the war effort, operating a plant situated on approximately 120 acres of land near Newhall. Petitioner alleges that he was employed to make a survey of a part of this land for the purpose of preparing living quarters for employees of the plant and that petitioner's employer has arranged to borrow money in order to build the housing units for the employees. Petitioner also alleges that he has prepared a record of survey pursuant to the provisions of chapter 15, division 3, of the Business and Professions Code of California, designated by section 8700 of the code as the Land Surveyors Act; that he had tendered the filing fee, but that the defendants refuse to record his record of survey. It is the contention of defendants that sections 11500 to 11650, appearing in chapter 2, part 2, division 4, of the Business and Professions Code, and referred to in the code as the Subdivision Map Act, merely adds additional requirements to those set forth in the Land Surveyors Act before a record of survey can be filed if the survey is of a subdivision; that petitioner's survey is of a subdivision and that he has not met the additional requirements contained in these sections.

Petitioner asserts in his brief that, due to the delay caused by the objection to the recordation of his record of survey, his employer the Bermite Powder Company was not in position to await the outcome of the litigation and was forced to

employ a licensed civil engineer under and pursuant to the provisions of the Subdivision Map Act; that a map prepared under the provisions of the Subdivision Map Act has in fact been filed for record.

█ A writ of mandate will not be granted unless it is necessary to protect a substantial right and upon a showing that substantial damages will be suffered by the petitioner if the writ is denied. (*Ault* v. *Council of City of San Rafael*, 17 Cal.2d 415 [110 P.2d 379].) The writ of mandate is to be issued only upon the application of the party beneficially interested. (Code Civ. Proc., § 1086.) █ The writ will not issue when the petitioner has no direct interest in compelling the defendants to perform the function mentioned in the writ. (*Ellis* v. *Workman*, 144 Cal. 113, 115 [77 P. 822].) █ In the instant proceeding petitioner concedes that he is merely an employee of Bermite Powder Company. He asserts that he prepared a map under certain specified sections of the Business and Professions Code, but that due to his inability to have the map recorded his employer engaged the services of another surveyor, who has made a different map and has placed it upon record. It is apparent that Bermite Powder Company is the party which is interested in the recordation of maps covering its property. It is also apparent that petitioner, being merely an employee of the Bermite Powder Company, has no direct interest in the matter. It is suggested in the briefs that perhaps petitioner seeks an adjudication by the court on the question whether the Subdivision Map Act is applicable to rural territory such as that in the neighborhood of Newhall, but it is clear that if petitioner's object is to seek such adjudication he should do so with a map of his own property, or at least give the real owner of the property an opportunity to be represented in the court proceeding. █ The court very properly ruled that Bermite Powder Company should be joined as petitioner if it desired to have an adjudication on the question whether the map of its property prepared in accordance with the provisions of the Land Surveyors Act should be filed for recordation. The action should be prosecuted in the name of the real party in interest. (Code Civ. Proc., § 367.)

The judgment is affirmed.

Moore, P. J., and McComb, J., concurred.