[Civ. No. 21492. First Dist., Div. One. Aug. 13, 1964.]

RICHARD F. SAVELLI, Plaintiff and Appellant, v. BOARD OF MEDICAL EXAMINERS, Defendant and Respondent.

126

Hutchinson & Quattrin and J. Albert Hutchinson for Plaintiff and Appellant.

Stanley Mosk and Thomas C. Lynch, Attorneys General, and Gerald F. Carreras, Deputy Attorney General, for Defendant and Respondent.

MOLINARI, J.—This is an appeal from a judgment denying a writ of mandate to compel respondent to permit appellant to take the written examination for a license as a physician and surgeon.

Appellant filed an application with respondent for a written examination for a physician's and surgeon's certificate. The application was denied on the ground that appellant was not a graduate of a medical school approved by respondent. Appellant thereupon requested a hearing before respondent, and a hearing was had before a hearing officer on a statement of issues filed pursuant to the Administrative Procedure Act[1] (Gov.Code, §§ 11370 to 11528, incl.). Appellant was the sole witness at this hearing, and testified as follows: that he was then a licensed drugless practitioner; that he was licensed as a pharmacist in 1928 and practiced as such until 1935 when he enrolled at a college for drugless practitioners; that he was trained in an approved course of instruction totalling 3,234 hours, and was examined and licensed in 1939 as a drugless practitioner; that he then entered the practice of the profession of drugless practitioner; that in 1951, pursuant to a legislative enactment in 1949 which allowed a drugless practitioner who had 5 years or more of experience to go back to school and complete the necessary courses required for a physician's and surgeon's certificate in a recognized school, he enrolled at Western College of Medicine[2] (hereinafter called Western), where he took the courses specified in section

---

[1]Gov. Code, § 11504, in pertinent part, provides as follows: "A hearing to determine whether a right, authority, license or privilege should be granted, issued or renewed shall be initiated by filing a statement of issues. The statement of issues shall be a written statement specifying the statutes and rules with which the respondent must show compliance by producing proof at the hearing. . . ."

Gov. Code, § 11500, subd. (c), provides, in pertinent part: " 'Respondent' means any person . . . against whom a statement of issues is filed pursuant to section 11504."

[2]Said school was referred to in the testimony as "Western Medical" and "Western College" and designated in some of the exhibits as "Western Medical College" and "Western College of Medicine." It appears from the record that the last-mentioned name is most likely correct. In any event, the parties do not dispute that the school mentioned is the one which is the subject of these proceedings.

2290 of the Business and Professions Code;[3] that these courses were given by this school only once; that the teachers who taught these courses were licensed doctors of medicine and qualified to teach the subjects; that he completed the course and received from said school the degree of Doctor of Medicine; that prior to the time he entered Western he had made application to both the University of California Medical School and Stanford Medical School, but was not accepted as a student; that he served an internship from July 1, 1959, to October 16, 1959, at Our Lady of Lourdes Memorial Hospital in Binghamton, New York, and at Mount St. Mary's Hospital in Niagara Falls, New York, from October 19, 1959, to October 18, 1960; and that the latter hospital was approved by the "Board of the Medical Association."

Respondent elected not to cross-examine appellant. It did, however, offer in evidence 9 exhibits which were admitted in evidence without objection. Aside from the pleadings incident to the hearing these consisted of appellant's application and respondent's aforementioned letter of rejection, a previous application filed in 1952; the letter rejecting said application, and the decision of respondent board in the proceeding entitled "In the Matter of the Statement of Issues against Western College of Medicine, Respondent, No. A-44," (hereinafter referred to as exhibit 9). Respondent thereafter made and filed its decision denying appellant's application on the ground that he was not able to present satisfactory evidence that he had complied with the requirements of section 2290 of the Business and Professions Code[4] of the State of California.[5]

Appellant sought a judicial review of the administrative proceedings by filing a petition for writ of mandate in the superior court. By said petition appellant sought a review of respondent's order denying his application to take the subject

[3]These courses are: biochemistry, advanced bacteriology and pathology, surgery, materia medica, pharmacology and therapeutics, general medicine, including clinical microscopy, advanced obstetrics and gynecology.

[4]Unless otherwise indicated all statute references hereinafter made are to the Business and Professions Code.

[5]§ 2290 in pertinent part provides: "Any person, who holds a drugless practitioner's certificate, . . . and who presents evidence of having successfully completed the additional courses required for the physician's and surgeon's certificate in a school approved by the board, shall be permitted to take his examination in subjects required for a physician's and surgeon's certificate without being reexamined in the subjects required for a drugless practitioner's certificate. The subjects for this examination shall be: . . ."

written examination and prayed for an order directing respondent to recognize or approve Western. As an alternative, in the event the court determined that he was not entitled to the writ of mandate, appellant sought a declaratory judgment determining and declaring certain sections of the Business and Professions Code unconstitutional and void as applied to himself and persons similarly situated.[6] The basis of the claim of unconstitutionality is that said statutory provisions are capable of being applied, and have been applied with respect to appellant and persons similarly situated, in a "discriminatory, uncontrolled, capricious, unfair and prejudicial manner. . . ." An alternative writ of mandate issued out of the court below to which respondent made a return by way of motion to strike, demurrer and answer.[7] The trial court denied the peremptory writ, discharged the alternative writ, and determined, in view of such denial, that a declaratory judgment was unnecessary.

The trial court made and filed its findings of fact and conclusions of law. It was not, however, required to make findings of fact because it was not acting de novo, but was required to determine whether the findings of respondent board were supported by substantial evidence in the light of the whole record. Where the substantial evidence rule applies the trial judge does not independently weigh the evidence and make his own findings, but determines a question of law, i.e., whether the evidence is legally sufficient and like questions enumerated in Code of Civil Procedure section 1094.5. (*Rudolph* v. *Athletic Com.*, 177 Cal.App.2d 1, 6-8 [1 Cal.Rptr. 898].) The instant case is one brought pursuant to the provisions of section 2174, which, insofar as here material, provides as follows: "If any school is disapproved by the board or any applicant for examination is rejected by it, then the school or the applicant may commence an action in the superior court against the board to compel it to approve the school or to admit the applicant to examination. . . . In such an action the court shall proceed under section 1094.5 of the Code of Civil Procedure; *provided, however, that the court may not exercise an independent judg-*

---

[6]The specific sections are the following: 2010, 2012, 2119, 2168, 2168.5, 2171, 2173, 2190, 2191, 2191.6, 2192, 2195, 2290, and 2291.

[7]The disposition of the motion to strike and the demurrer does not appear in the record before us. It appears, however, that the cause proceeded to trial upon the issues of law and fact tendered by the said petition and the answer thereto.

*ment on the evidence.*"[8] (Italics added; see *Mann* v. *Board of Medical Examiners*, 31 Cal.2d 30, 41-42 [187 P.2d 1]; *Akopiantz* v. *Board of Medical Examiners*, 146 Cal.App.2d 331, 336 [304 P.2d 52]; *Lay* v. *State Board of Osteopathic Examiners*, 179 Cal.App.2d 356, 359 [3 Cal.Rptr. 727].) In the present case the findings of the trial judge are not only susceptible of the interpretation that he weighed the evidence, thus exceeding his prerogative, but it is so stated in the recitals of the judgment rendered by him.[9]

Section 2174 does not authorize a trial court to exercise its independent judgment on the evidence but confines the hearing before such court to the record made before the board. (*Lay* v. *State Board of Osteopathic Examiners*, *supra*, at p. 359.) Its function, therefore, is to determine whether there is substantial evidence before the board to support its findings in the light of the whole record. (*Le Strange* v. *City of Berkeley*, 210 Cal.App.2d 313, 320-321 [26 Cal.Rptr. 550]; Code Civ. Proc., § 1094.5, subd. (c).) Accordingly, in the case at bench, the trial court should have reviewed the evidence adduced before respondent board and the findings made by it in the same fashion that an appellate court reviews the findings of trial courts. ▮ The function of an appellate court is to determine whether the evidence, viewed in the light most favorable to the respondent, sustains the findings subject to review, resolving any reasonable doubts in favor of those findings. (*Le Strange* v. *City of Berkeley*, *supra*, at p. 321.) ▮ In making this determination the appellate court must resolve all conflicts in the evidence in favor of the judgment or decision of the tribunal below and indulge in all legitimate and reasonable inferences to support it. (*Harris* v. *Alcoholic Beverage Control Appeals Board*, 212 Cal.App. 2d 106, 113 [28 Cal.Rptr. 74]; *DeMartini* v. *Department of Alcoholic Beverage Control*, 215 Cal.App.2d 787, 799 [30 Cal. Rptr. 668].) ▮ Insofar as the appellate court itself is concerned, the substantial evidence rule obtains whether it is reviewing the findings of the trial court where the latter has exercised independent judgment, or whether the findings involve the decision of an agency or board where the trial court is not authorized by law to exercise its independent

---

[8]This section was invoked by appellant in his petition for writ of mandate.

[9]The judgment contains the following recital: ''[A]nd the Court being fully advised in the matter and having exercised its independent judgment and having made its Findings of Fact and Conclusions of Law, . . .''

judgment. In the former situation, the appellate court is confined to the evidence received by the trial court; in the latter case it is limited to the evidence in the record before such agency or board. (*Le Strange* v. *City of Berkeley, supra,* at p. 321.)

█ The erroneous exercise of independent judgment by the trial court in the case at bench in no way inhibits our scope of review. (*Harris* v. *Alcoholic Beverage Control Appeals Board, supra,* at p. 113; *DeMartini* v. *Department of Alcoholic Beverage Control, supra,* at p. 798.) It should be here noted, however, that no additional evidence was proffered or adduced in the court below. Therefore, the evidence considered by the trial court was the same as that weighed by respondent board. Accordingly, even if we were called upon to review the record before the trial court in the light of the substantial evidence rule we would be considering the same record as that before both respondent and the court below. █ Moreover, even though the trial court did weigh the evidence no prejudice is suffered by appellant if the result reached was necessarily an affirmance of the sufficiency of the evidence to support respondent's findings. (*Rudolph* v. *Athletic Com., supra,* 177 Cal.App.2d 1, 8.)

Our review being confined to the record of the proceedings before respondent, we must look to its findings and decision.[10] Respondent board found that appellant had filed the two subject applications for a physician's and surgeon's certificate wherein he certified that he was a drugless practitioner for five years and that he attended Western from September 4, 1951, to July 5, 1952; that said applications were each denied on the basis that he did not show thereon that he had completed the additional courses required in section 2290 in a school approved by the board; and that in its decision effective February 28, 1957, respondent had denied Western's application for approval on the ground that Western failed to meet the requirements of section 2290. The decision in the instant proceedings states that "[p]ursuant to the foregoing findings of fact" the issues presented are determined as follows: "Respondent [appellant] has not been able to present satisfactory evidence that he has complied with the requirements of section 2290 . . . for entitlement to take the written examination for a physician's and surgeon's certificate (Class A) and therefore his application ought to be denied."

---

[10]Appellant's briefs attack the findings of the trial court rather than those of respondent board.

■ Before proceeding to a consideration of the contentions made by appellant, it would be well to state what he was required to show in the proceedings before respondent board. The burden was upon him to prove compliance with the requirements fixed by statute as conditions precedent to his right to take the subject examination. (*Lay* v. *State Board of Osteopathic Examiners, supra,* 179 Cal.App.2d 356, 357; *Mann* v. *Board of Medical Examiners, supra,* 31 Cal.2d 30, 40; *Arwine* v. *Board of Medical Examiners,* 151 Cal. 499, 503 [91 P. 319].) Accordingly, it was incumbent upon him to prove: (1) that he was licensed as a drugless practitioner for a period of five years or more; (2) that he had successfully completed the course of professional instruction in a school approved by respondent; and (3) that he has completed a year's internship in a hospital approved by respondent.[11]

■ There was uncontradicted substantial evidence in the record supporting a finding that appellant complied with the first and third of said requirements. There is also ample uncontradicted evidence that appellant took the courses prescribed by section 2290 at Western. The board, however, made no specific findings of fact on these matters. ■ Although administrative findings must conform to the statutes governing the particular board or agency, such findings are liberally construed and need not be stated with the formality required in judicial proceedings. (*Swars* v. *Council of City of Vallejo,* 33 Cal.2d 867, 872 [206 P.2d 355]; *Taylor* v. *Bureau of Private Investigators & Adjusters,* 128 Cal. App.2d 219, 229 [275 P.2d 579]; *Steele* v. *Los Angeles County Civil Service Com.,* 166 Cal.App.2d 129, 136 [333 P.2d 171].)

■ Under Government Code section 11518,[12] providing for the form and content of the decision of the administrative agency, the findings must be sufficient to enable the reviewing court to determine that the agency actually found necessary facts to support its determination of the issues. (*Jones* v. *Maloney,* 106 Cal.App.2d 80, 90-91 [234 P.2d 666].) ■ Administrative findings may be general as long as they satisfy

---

[11]Rule 1342(b) of tit. 16 of the Cal. Admin. Code designating the hospitals approved by respondent provides that hospitals located outside of the State of California that meet the standards of the American Medical Association Council on Medical Education and Hospitals are approved for the training of interns in accordance with section 2192.

[12]Gov. Code, § 11518, provides in pertinent part as follows: ''The decision shall be in writing and shall contain findings of fact, a determination of the issues presented. . . . The findings may be stated in the language of the pleadings or by reference thereto.''

the dual requirements of making intelligent review possible and apprising the parties of the basis of the decision of the administrative agency. (*Swars* v. *Council of City of Vallejo, supra,* at p. 873.) ▮▮▮ Accordingly, where such findings point out the specific ground upon which the agency has based its decision such a finding will suffice even though the reviewing court might prefer a more detailed statement of the grounds for the decision. (*Webster* v. *Board of Dental Examiners,* 17 Cal.2d 534, 543-544 [110 P.2d 992].)

▮▮▮ Respondent's decision rests upon the ground that appellant has not complied with the provisions of section 2290. This conclusion is based upon the finding that Western was not an approved school. Having determined the issue relative to appellant's attendance at an approved school adversely to him, respondent apparently found it unnecessary to make specific findings on the other issues. From the briefs of the parties it is apparent that the sole issue for determination with respect to appellant's qualifications is whether he attended a school approved by respondent. The parties apparently assume that appellant has established his qualifications in all other respects. Suffice it to say, in the light of principles hereinabove stated, a proper determination that Western was not an approved school would support the denial of appellant's application, and would make unnecessary a finding on the other issues. As we have already pointed out, it was appellant's burden to prove that he took the required courses at a school approved by the board.[13] At the hearing

---

[13]The following provisions are likewise indicative of the burden placed upon the applicant:

§ 2010: "Whenever any requirement is provided for any certificate, it shall be satisfied in a manner satisfactory to the board."

§ 2012: "Whenever any requirement is provided for any certificate relating to a school or hospital, the school and hospital shall be ones approved by the board."

§ 2168: "All applications . . . shall contain or have attached thereto: . . . (b) Each diploma issued by some legally chartered school approved by the board. The requirements of the school shall have been at the time of granting the diploma in no degree less than those required under this chapter or by any preceding medical practice act at the time that the diploma was granted. . . ."

§ 2168.5: "Every applicant shall prove that a diploma or other evidence of final, successful and entire completion of instruction and training required by a school approved by the board has been issued to him."

§ 2171: "All applicants for any certificate shall file evidence satisfactory to the board, showing each legally chartered school, approved by the board, in which a resident course of professional instruction was pursued covering the minimum requirements provided for the particular certificate for which the application is filed."

before respondent board appellant adduced evidence that he attended Western and took the courses prescribed in section 2290 from qualified instructors. Concededly, Western was never expressly approved by respondent board.[14] Appellant's theory is that there was an implied or de facto approval of the school by reason of the fact that it gave the courses prescribed in section 2290 and that these courses were given by qualified instructors. The pertinent section, applicable to approval of medical schools and the right to apply for the examination, is section 2173 which provides as follows: ''The board shall approve every school which complies with the requirements of this chapter for resident courses of professional instruction and shall admit every applicant to the examination who complies with the requirements provided for the particular certificate for which his application is filed. Nothing in this chapter prohibits the board from considering the quality of the resident courses of professional instruction required.'' Section 2011 defines a resident course of instruction as follows: ''[C]lassroom, laboratory, practical and clinical instruction, received and given the person physically present for the period prescribed for such instruction.'' The resident courses required for a physician's and surgeon's certificate pursuant to section 2173 are those specified in sections 2191 and 2192.

 Section 2191, requiring certain premedical educational requirements, is not applicable to drugless practitioners who have conducted a legally licensed practice for a period of five years or more and who have successfully completed the courses of professional instruction required by section 2290 ''in a recognized school.'' (§ 2191.6.) It is convenient to note here that appellant contends that the language ''courses of professional instruction required by section 2290 of this code in a recognized school'' contained in section 2191.6, enacted in 1949, modifies and supersedes the language ''in a school approved by the board'' in section 2290, enacted in 1937. It is appellant's position that although Western may not be an approved school it is nevertheless a recognized school. Appellant fails to point out the distinction between a ''recognized'' and an ''approved'' school, and we are unable to perceive any. Suffice it to say, section 2191.6 is specifically referable by its provisions to section 2191 providing for premedical educational requirements, while section 2290 has

[14]Western College of Medicine is not found among the list of approved schools set forth in §§ 1366 through 1367.10 of tit. 16 of the Cal. Admin. Code.

application to the *additional medical* courses required of a drugless practitioner seeking a physician's and surgeon's certificate. There is no contention made by respondent, moreover, that appellant was required to present evidence to the board that he had completed the educational requirements provided for in section 2191.

Section 2192 provides for the courses and curriculum of resident instruction generally required of physicians and surgeons. We are of the opinion, however, that this section does not apply to persons who hold a drugless practitioner's certificate who seek a physician's and surgeon's certificate pursuant to section 2290. We are impelled to this conclusion by the plain language of section 2290 which provides that the resident course of professional instruction required of such an applicant is that which was required of such a practitioner for the issuance of a drugless practitioner's certificate.[15] Section 2290 must, however, be read in conjunction with section 2191. Accordingly, a licensed drugless practitioner who has practiced less than five years must, before he is eligible to take the physician's and surgeon's examination, show not only that he has taken the additional courses prescribed by section 2290 at an approved school, but also that he has completed the premedical educational requirements specified in section 2191.[16] In the case of such a practitioner who has practiced more than five years, all that he need show, in order to be eligible for such examination, is that he has successfully completed the additional courses prescribed in section 2290 at an approved school. Upon an analysis of the pertinent code sections, particularly section 2290, we are persuaded that respondent board may approve a school which offers only the additional courses required of a drugless practitioner who seeks admission to a physician's and surgeon's examination under section 2290, but does not offer the complete course of resident professional instruction required of physicians and surgeons, i.e., that required by sections 2191 and 2192. (See 17 Ops. Cal. Atty. Gen. 197.) Accordingly, a school offering the additional resident courses prescribed by section 2290 is entitled under section 2173 to

---

[15]The classification of drugless practitioner was abolished in 1949, but persons holding licenses as such practitioners may continue to engage in practice. (§ 2232.) Section 2231, as it read prior to its repeal in 1949, provided for the courses of resident professional instruction in a school approved by the board required of drugless practitioners.

[16]It should be noted that the resident course required by § 2191 need not have been completed at a school approved by the board.

be approved by the Board of Medical Examiners if it satisfactorily demonstrates to the board that it offers these courses; provided, however, that the board may consider the quality of the resident courses being offered in order to determine whether the school is one that should be approved. ▉▉▉ The right to have a school approved inures also to an applicant who seeks admission to the examination on the basis that the school he has attended complied with the requirements for resident courses of professional instruction during the time of such attendance. (§ 2174; *Mann* v. *Board of Medical Examiners, supra,* 31 Cal.2d 30, 41-42; *Lay* v. *State Board of Osteopathic Examiners, supra,* 179 Cal.App.2d 356, 358-359.)

▉▉▉ In the case at bench appellant sought to take the examination and to establish that Western was an approved school upon evidence that he was a licensed drugless practitioner for over five years and that from September 4, 1951, to July 5, 1952, he took the courses specified in section 2290 at Western. Respondent, on the other hand, introduced evidence by way of exhibit 9 to prove that Western was not an approved school when appellant took said courses. According to exhibit 9 Western filed an application for approval on May 17, 1950; hearings were had on said application; and a decision was made on January 24, 1957, effective February 28, 1957, disapproving said application on the ground that Western failed to meet the requirements of section 2290. Exhibit 9 contains a recital of the findings of fact upon which the disapproval was based. It is apparent from a reading of these findings, which we set out in the footnote,[17]

[17]The decision reads in pertinent part as follows: "With respect to the matters contained in paragraph III of the Statement of Issues on file herein, the following facts are found to be true:

"1. Said school did not offer the required courses, the facilities, nor the quality of instruction necessary to properly prepare a drugless practitioner licentiate to take the physician's and surgeon's examination.

"2. The laboratory of the school was too small for the number of students and did not have the equipment necessary for complete instruction and study.

"3. The ratio of actual teaching faculty to students was inadequate, and there was a duplication of instructors. The caliber of teaching was poor and would not equip the student with sufficient medical knowledge to prepare the student for examination.

"4. There were no hospital or ward facilities available for teaching purposes.

"5. There was no adequate x-ray equipment available for teaching purposes, and the lack of clinical material made it impossible for all the required subjects outlined in the curriculum to be taught.

"6. The schedules and courses of the curriculum as outlined in the

that evidence was adduced before the board as to the quality of the resident courses of professional instruction. Pursuant to section 2173 the quality of such courses is a proper matter for the board's consideration in determining whether a school is entitled to approval. The facts contained in exhibit 9, which the board found to be true with respect to Western's application for approval, were also before it in the instant proceeding relative to appellant's application for approval. These facts, when considered within the scope of our review, constitute substantial evidence to support the conclusion reached by respondent that Western did not meet the requirements of section 2290. Accordingly, appellant failed to sustain the burden resting upon him to prove compliance with the requirements fixed by statute as a condition precedent to the taking of the subject examination.

Appellant complains that exhibit 9 was hearsay and that, as a result of its admission, the decision of respondent cannot be sustained because it is "exclusively" based on hearsay evidence. He relies upon Government Code section 11513, applicable to administrative proceedings, which provides in pertinent part that "Hearsay evidence may be used for the purpose of supplementing or explaining any direct evidence but shall not be sufficient in itself to support a finding unless it would be admissible over objection in civil actions." Assuming that exhibit 9 constitutes objectionable hearsay, it is nevertheless of probative value because it was unobjected to when offered. (*Fox* v. *S. F. Unified School Dist.*, 111 Cal.App.2d 885, 891 [245 P.2d 603]; *Griswold* v. *Department of Alcoholic Beverage Control*, 141 Cal.App.2d 807, 810-811 [297 P.2d 762]; see *Steen* v. *Board of Civil Service Comrs.*, 26 Cal.2d 716, 726-727 [160 P.2d 816].) Accordingly, hearsay, admitted without objection, may be considered in support of a finding. · (*Griswold* v. *Department of Alcoholic Beverage Control, supra,* at p. 811; *Merchant etc. Assn.* v. *Kellogg E. & D. Co.*, 28 Cal.2d 594, 599 [170 P.2d 923].) As stated in *Fox,* "Hearsay, even at common

affidavit furnished to the Board by the school were not followed and some of the scheduled courses were not actually offered or held.

"7. The hours given for classroom instruction were too demanding and did not give the student sufficient time to study and review the material and information offered, and did not permit him to assimilate the same.

"8. The clinic was poorly equipped and was not actually in operation either as claimed by the school in the affidavit which it furnished to the Board or on the date of March 8, 1952, when the school was inspected by the members of the Board."

law, if unobjected to when offered, can be of probative value, and certainly occupies a similar position in an administrative proceeding such as this." (P. 891.)

The conclusion reached by us is consistent with the holdings of the *Mann* and *Lay* cases upon which appellant strongly relies. *Mann* held, in a proceeding to compel the issuance of a reciprocity certificate, that petitioner, a graduate of an out-of-state school, had failed to sustain his burden of proving that his school had been approved. The important holding in *Mann* is that under section 2174 the applicant himself may seek to have the school attended by him approved by the board as of the time when he had attended it. It should also be noted that at the time of the *Mann* decision the evidence presented in an action pursuant to section 2174 was as in a trial de novo.[18] The *Lay* case, following the principles laid down in *Mann*, held that upon the record made before the board, in a proceeding brought pursuant to section 2174 as it now reads, the applicant's school had been entitled to approval during the time of her matriculation. The reviewing court there upheld the superior court's determination that the respondent board had prejudicially abused its discretion in finding that the school, during the time the applicant had attended it, had not been approved, *"without anything more. . . ."* (P. 359; italics added.)

Although appellant alleged in his petition that his constitutional rights have been violated, no denial of any constitutional right or discriminatory action against him is shown. Appellant contends that the "approval" power of the board is void because nowhere does the code define or delineate any standard or criterion of determining approval or disapproval. The use of the words "approved" and "approval" appear not only in the provisions of the Business and Professions Code relating to the subject of medicine (§§ 2012, 2168, subd. (b), 2168.5, 2171, 2173 and 2192), but also in provisions dealing with other occupations licensed by this state.[19] The state has the plenary

[18]§ 2174 then provided that the superior court had "full power to investigate and decide all facts anew without regard to any previous determination by the board; . . ."

[19]See sections: 5552, subd. (b) (Architects); 6060, subd. (e)(1) (Attorneys); 6546.5 (Barbers); 7332, subd. (d)(1) (Cosmetologists); 1740, subd. (c) (Dental Hygienists); 7643, subds. (d) and (e) (Embalmers); 6751 (Engineers); 5650 (Landscape Architects); 2736, subd. (a) (Nurses); 2491 (Osteopaths); 2680, subds. (a) and (c) (Physical Therapists); 2246 (Podiatrists); 4511, subd. (c) (Psychiatric Techni-

power to regulate the practice of medicine. (*Mann* v. *Board of Medical Examiners, supra,* at p. 41; *Akopiantz* v. *Board of Medical Examiners,* 190 Cal.App.2d 81, 92 [11 Cal.Rptr. 810].) In *Mann* the Supreme Court took cognizance of this plenary power, citing the number of statutory provisions of the Business and Professions Code dealing with the subject of medicine. Among these is section 2010 which provides: "Whenever any requirement is provided for any certificate, it shall be satisfied in a manner satisfactory to the board." In *Akopiantz* the reviewing court was called upon to pass upon the question whether certain schools of medicine were approved schools in a reciprocity case. ▮▮▮▮ Statutes involving approval by respondent board were there under consideration, including section 2168.5, which applies to the present case. The requirement of the affirmative approval of schools in order to qualify their graduates for licensure in California was upheld. The court discussed, and, by necessary implication, held valid sections of the Business and Professions Code which used the word "approved" in referring to the recognition of a school or schools attended by an applicant. ▮▮▮▮ Although it is the general rule that a legislative body cannot, with respect to the standards for administrative action, confer unlimited power upon an officer without designating standards to guide his action, there are limitations to this rule. The granting of discretionary power, not restricted by specific standards, to confer or deny licenses or permits has been upheld in a variety of situations, particularly where the licensed activity is dangerous or objectionable. (*In re Petersen,* 51 Cal.2d 177, 184 [331 P.2d 24].) ▮▮▮▮ Moreover, "It is settled . . . that the Legislature need not lay down minutely defined standards and that sufficient standards for administrative action may be found by implication from the general purposes of a statute and from the reasons which must have led to its adoption." (*Louis Stores, Inc.* v. *Department of Alcoholic Beverage Control,* 57 Cal.2d 749, 760 [22 Cal.Rptr. 14, 371 P.2d 758]; *In re Petersen, supra,* at p. 186.) ▮▮▮▮ We think it is obvious that the limitations on the general rule are applicable to the practice of medicine and its relationship to the public health and welfare. ▮▮▮▮ The absence of express standards in situations where the limitations on the general rule are applicable does not

cians); 2941, subd. (4) and 2941.5 (Psychologists); 9002 (Social Work Examiners); 8742, subd. (b) (Surveyors); 2866, subd. (c) (Vocational Nurses).

mean that the licensing agency may act arbitrarily or oppressively; and while it is presumed that the agency will duly perform its public duty, an abuse may be shown and relief obtained in the courts. (*In re Petersen, supra,* at p. 185.) In the case at bench, no arbitrary or oppressive action on the part of respondent to appellant's detriment has been shown. To the contrary, the record discloses the several standards utilized by respondent in determining that the quality of the instruction offered by Western was not such as to meet the statutory requirements. The intimation in appellant's briefs that respondent has discriminated against him by failing to approve any school offering the courses specified in section 2290 is without foundation. There is nothing in the record before respondent board to show that any other school which has applied for approval has been disapproved. The only showing made is that Western has so applied and that it has been disapproved. It should be noted that in title 16, California Administrative Code, section 1366, four California schools are designated as approved. Appellant applied for admission to two of them but was not accepted. Section 1366 also designates a substantial number of out-of-state schools as approved.

Appellant contends that he was entitled, in all events, to a declaratory judgment. Respondent urges that an action for declaratory relief is not appropriate for review of an administrative order. Since this action proceeds under Code of Civil Procedure section 1094.5 by virtue of the provisions of section 2174, mandamus is appropriate for the purpose of reviewing respondent's administrative order. (*Boren* v. *State Personnel Board,* 37 Cal.2d 634, 637 [234 P.2d 981].)

While an action for declaratory relief is not appropriate for review of an administrative order (*Hostetter* v. *Alderson,* 38 Cal.2d 499, 500 [241 P.2d 230]), the complaint in such an action may be regarded as a petition for writ of mandate. (*Boren* v. *State Personnel Board, supra,* at p. 637.) Although section 2174 provides that an action thereunder may seek "any other appropriate relief," we are of the opinion, in view of the requirement that the action proceed as one under Code of Civil Procedure section 1094.5, that such language envisions the relief that may be granted in a mandamus proceeding. We need not, however, determine whether the subject statutory language encompasses matters subject to a declaration of rights under Code of Civil Procedure section 1060 because *our disposition of appellant's prayer*

for relief likewise disposes of the matters concerning which he seeks a declaration of rights.

Judgment affirmed.

Bray, P. J., and Sullivan, J., concurred.

A petition for a rehearing was denied September 4, 1964, and appellant's petition for a hearing by the Supreme Court was denied October 7, 1964. Mosk, J., did not participate therein.