[Civ. No. 22101. First Dist., Div. One. Mar. 15, 1965.]

WALTER JAMES GRANT, Plaintiff and Appellant, v. BOARD OF MEDICAL EXAMINERS OF THE STATE OF CALIFORNIA, Defendant and Respondent.

---

*Assigned by the Chairman of the Judicial Council.

J. Albert Hutchinson for Plaintiff and Appellant.

Thomas C. Lynch, Attorney General, and Gerald F. Carreras, Deputy Attorney General, for Defendant and Respondent.

SULLIVAN, P. J.—This is an appeal from a judgment denying a writ of mandate to compel respondent board to set aside its decision in a disciplinary proceeding.

Appellant is a physician licensed to practice medicine in Illinois, California and Arkansas. He was originally licensed in Illinois. On August 7, 1953, he became licensed to practice in California by the issuance to him by respondent board of a reciprocity certificate based upon his Illinois license. (See Bus. & Prof. Code, § 2310.)[1] His Arkansas license was issued on a similar basis of reciprocity and from 1952 to 1955 he practiced in that state. From 1955 to 1957 he practiced in California; since the latter date he has been practicing in the State of Washington.

Respondent board initiated the present disciplinary proceedings on August 16, 1962, by filing an accusation against appellant. (§ 2364; Gov. Code, § 11503.) Said accusation charged that on or about June 8, 1959, the Arkansas State Medical Board entered an order revoking appellant's license to practice medicine in the State of Arkansas and that by virtue of said order appellant violated sections 2378 and 2392, such violations constituting grounds for the suspension or revocation of appellant's California license as provided by sections 2361, 2362 and 2363.[2] Appellant filed with respondent board a notice of defense (Gov. Code, § 11506) in support of which he contended that "the accusation does not state any transaction within the legislative jurisdiction

---

[1]Hereafter unless otherwise indicated all code references are to the Business and Professions Code.

[2]Section 2361 provides: "The board shall take action against any holder of a certificate, who is guilty of unprofessional conduct which has been brought to its attention, or whose certificate has been procured by fraud or misrepresentation or issued by mistake."

Section 2362 provides: "The board shall take action against any holder of any reciprocity certificate, whose certificate, upon which his reciprocity certificate was issued, was procured by fraud or misrepresentation or issued by mistake, or who is found to be practicing contrary to the provisions of this chapter."

Section 2363 provides: "The revocation by another State of a license or certificate by virtue of which one licensed to practice in California has authority to practice in the other State constitutes a ground for the board to take action."

Section 2378 provides: "The violating or attempting to violate, directly or indirectly, or assisting in or abetting the violation of or conspiring

of California or the administrative jurisdiction of the Board and should be dismissed.''

At the commencement of the administrative hearing appellant's counsel renewed his objection that the accusation contained ''no statement of cause for discipline'' and urged that the proceedings be dismissed, stating that ''we have a case that shouldn't have been brought at all and shouldn't go into the evidence.'' The hearing officer reserved a ruling on the motion to dismiss and proceeded to hear the evidence. Counsel for the board then offered, and the hearing officer received in evidence over the reserved objections of appellant a certified copy of the order of revocation of license issued by the Arkansas State Medical Board.[3]

The aforementioned order states: ''On this 8th day of June, 1959 this cause is submitted to the Board upon the complaint of Eugene R. Warren, and upon the documentary and sworn testimony adduced before the Board.

''The Board finds that an order to show cause was served upon Dr. Walter J. Grant in the manner provided by law on April 10, 1959. The Board further finds that the said Dr. Walter J. Grant aided and abetted an unlicensed person, to-wit one J. W. Mercer, in the violation of the Arkansas Medical Practices Act, and that he is guilty of gross and negligent malpractice which constitutes a proper ground for revocation of the license of said Dr. Walter J. Grant under the Arkansas Medical Practices Act, and that said license should be revoked.

''It Is, THEREFORE, By THE BOARD CONSIDERED, ORDERED AND ADJUDGED that the license of Dr. Walter J. Grant to practice medicine in the State of Arkansas be, and the same is hereby revoked.

''This order is entered by the President and Secretary upon the unanimous vote of the Arkansas State Medical Board.''

---

to violate any provision or term of this chapter constitutes unprofessional conduct within the meaning of this chapter.''

Section 2392 provides: ''The employing, directly or indirectly, of any suspended or unlicensed practitioner in the practice of any system or mode of treating the sick or afflicted or the aiding or abetting of any unlicensed person to practice any system or mode of treating the sick or afflicted constitutes unprofessional conduct within the meaning of this chapter.''

[3] An attached certificate of the secretary of the Arkansas State Medical Board certified that the document is a true and correct copy of the order made on June 8, 1959. A separate certificate of the Secretary of State of the State of Arkansas certified to the official capacity of the secretary of said board.

This was the only evidence introduced by respondent.

Counsel for appellant thereupon offered and there was received in evidence a letter dated November 19, 1962, from the Arkansas State Medical Board stating that appellant's license in Arkansas had been reinstated.[4] Appellant then testified voluntarily on his own behalf without waiving his objection to the board's jurisdiction.

In his proposed decision the hearing officer found so far as is here pertinent that the Arkansas State Medical Board had entered the abovementioned order of June 8, 1959;[5] that appellant, while in Arkansas had clinical psychology tests performed for him by an unlicensed person who, after appellant left Arkansas, continued to use appellant's office, apartment and telephone number (Finding IV);[6] that appellant was reinstated as a physician and surgeon in Arkansas on November 15, 1962; and that at no time did Illinois, the primary licensing state, ever proceed against appellant's license to practice in Illinois.

From these findings the hearing officer made the following determinations: That appellant was guilty of unprofessional conduct as defined in sections 2363, 2378 and 2392 (see fn. 2, *ante*) constituting grounds for the suspension or revocation of his license; that appellant was *not* guilty of unprofessional conduct within the meaning of section 2362 (see fn. 2, *ante*); and that ''The matters found in Finding IV [see fn. 6, *ante*] show that it would not be in the public interest to take disciplinary action against . . . [appellant] at the present time.'' The hearing officer then proposed the following order: ''That the *Accusation* heretofore filed herein, and *the proceedings instituted thereunder*, against Walter J. Grant, M.D., respondent above-named, be and the same are hereby *dis-*

---

[4]This letter is addressed to respondent board at Sacramento, California and states: ''The Arkansas State Medical Board, in regular session on November 15, 1962, approved the Petition for Reinstatement of the license of Dr. Walter J. Grant.''

[5]The proposed decision sets forth the order in full as quoted by us above.

[6]Finding IV further states: ''[R]espondent [i.e., appellant herein] retained the office as there was a possibility that respondent might go back there to practice. There was supposed to be a physician and surgeon supervising the work of said Mercer. Said Mercer had been referred to in an advertisement in a medical journal as a doctor under neuro-psychiatry and respondent assumed that he was a psychologist although psychologists were not licensed at that time in Arkansas. Respondent, on the advice of counsel, did not appear at the first hearing in June 1959 before the Arkansas State Medical Board but did appear in November 1959 when a rehearing was held.''

*missed.''* (Italics added.) On March 12, 1963, respondent board adopted the proposed decision of the hearing officer.

Appellant then filed a petition for writ of mandate in the court below.[7] An alternative writ issued and the board filed a return thereto by demurrer (see Code Civ. Proc., § 1109) and answer (Code Civ. Proc., § 1089). In its memorandum of points and authorities in support of its demurrer, the board urged, *inter alia,* that since it had dismissed the accusation and the proceedings thereunder, appellant was not aggrieved by the board's decision and the petition filed in said court failed to state a cause of action.

After a hearing, the trial court found and concluded that the material allegations of the petition attacking the validity and correctness of the board's decision were not true; that the board's decision was supported by the weight of the evidence; that respondent had not been guilty of prejudicial abuse of discretion but had proceeded within its jurisdiction and in the manner provided by law; that appellant was afforded a fair trial; that the court ''finds no reason for annulling the decision of respondent but, on the contrary, finds that said decision should be affirmed.'' The court entered judgment discharging the alternative writ and denying the petition for a peremptory writ. This appeal followed.

Appellant contends that (1) the board was without jurisdiction to consider acts allegedly occurring in Arkansas; (2) the board was without jurisdiction to proceed upon an accusation charging acts in Arkansas only on hearsay; and (3) the board proceeded contrary to law and abused its discretion in requiring appellant to produce evidence when the charges made were not supported by the evidence produced on the case in chief. Respondent board contends that (1) appellant had no grounds upon which to file his petition below or the instant appeal because, the disciplinary proceedings having been dismissed, he was not aggrieved by the board's decision; (2) the board had jurisdiction over the acts involved; and (3) the board did not abuse its discretion or proceed contrary to law. We have concluded that respondent's first contention has merit and that the judgment

---

[7]Appellant's petition filed in the court below purportedly sets forth two separately stated causes of action: the first seeking alternative and peremptory writs of mandate to compel the board to set aside its decision; and the second seeking a declaratory judgment determining and declaring that §§ 2360, 2363, 2378 and 2392 as applied to appellant ''and persons similarly situated'' are unconstitutional and void.

should be affirmed on that basis. Our above conclusion makes it unnecessary for us to consider the other issues raised on appeal.

█ The writ of mandate is appropriate for the purpose of reviewing the final orders and decisions of an administrative agency exercising quasi-judicial powers. (*Temescal Water Co.* v. *Department of Public Works* (1955) 44 Cal.2d 90, 101 [280 P.2d 1]; *Boren* v. *State Personnel Board* (1951) 37 Cal.2d 634, 637 [234 P.2d 981]; *Savelli* v. *Board of Medical Examiners* (1964) 229 Cal.App.2d 124, 142 [40 Cal.Rptr. 171]; *Madruga* v. *Borden Co.* (1944) 63 Cal.App.2d 116, 122 [146 P.2d 273]; see *Allen* v. *Humboldt County Board of Supervisors* (1963) 220 Cal.App.2d 877, 881-882 [34 Cal. Rptr. 232].) █ An action for declaratory relief is *not* appropriate for such purpose but may be treated as a petition for a writ of mandate. (*Hostetter* v. *Alderson* (1952) 38 Cal.2d 499, 500 [241 P.2d 230]; *Boren* v. *State Personnel Board, supra,* 37 Cal.2d 634, 638; *Savelli* v. *Board of Medical Examiners, supra.*) █ Since the enactment of Code of Civil Procedure section 1094.5 in 1945 it is no longer open to question that ''administrative mandamus'' is a proper remedy for judicial review of administrative action. (*Boren* v. *State Personnel Board, supra; Allen* v. *Humboldt County Board of Supervisors, supra,* 220 Cal.App.2d 877, 881-882; see 3 Witkin, Cal. Procedure, p. 2484 et seq.; 2 Cal.Jur.2d 324-326; 2 Stan.L.Rev. 285; Kleps, *Certiorarified Mandamus Reviewed,* 12 Stan.L.Rev. 554.) We must not lose sight of the fact that the courts created and developed this remedy to meet the need for judicial review of state-wide agencies (Kleps, *op. cit.,* pp. 554, 555-556; see *Bodinson Mfg. Co.* v. *California Emp. Com.* (1941) 17 Cal.2d 321, 328-329 [109 P.2d 935]) and that the Legislature by enacting Code Civil Procedure section 1094.5 in effect ratified such judicially developed remedy so far as it could constitutionally do so.

However administrative mandamus did not thereby acquire a separate and distinctive legal personality. It is not a remedy removed from the general law of mandamus or exempted from the latter's established principles, requirements and limitations. (See 2 Cal.Jur.2d, pp. 328-329.) █ A petitioner invoking such remedy must establish ·that ''there is not a plain, speedy, and adequate remedy, in the ordinary course of law'' (Code Civ. Proc., § 1086; *Drummey* v. *State Board of Funeral Directors* (1939) 13 Cal.2d 75, 82; [87 P.2d 848]; *Madruga* v. *Borden Co., supra,* 63 Cal.App.2d 116, 122) and must meet the requirement that he is a ''party

beneficially interested." (Code Civ. Proc., § 1086; *Bodinson Mfg. Co.* v. *California Emp. Com., supra.*) ▮ A writ of mandate will not issue unless it is necessary to protect a substantial right and upon a showing that some substantial damage will be suffered by the petitioner if the writ is denied. (*Parker* v. *Bowron* (1953) 40 Cal.2d 344, 351 [254 P.2d 6]; *May* v. *Board of Directors* (1949) 34 Cal.2d 125, 133-134 [208 P.2d 661]; *Bartholomae Oil Corp.* v. *Superior Court* (1941) 18 Cal.2d 726, 730 [117 P.2d 674]; *Ault* v. *Council of City of San Rafael* (1941) 17 Cal.2d 415, 417 [110 P.2d 379]; *Gay* v. *Torrance* (1904) 145 Cal. 144, 147 [78 P. 540]; *Silva* v. *City of Cypress* (1962) 204 Cal.App.2d 374, 376-377 [22 Cal. Rptr. 453]; *Thomasson* v. *Jones* (1945) 68 Cal.App.2d 640, 642 [157 P.2d 655].) ▮ It will not issue where it would be of no benefit to the petitioner or to enforce a mere abstract right unattended by any substantial benefit (*Ellis* v. *Workman* (1904) 144 Cal. 113, 115 [77 P. 822]; *Gay* v. *Torrance, supra; Spotton* v. *Superior Court* (1918) 177 Cal. 719, 720 [171 P. 801]; *Roscoe* v. *Goodale* (1951) 105 Cal.App.2d 271, 273 [232 P.2d 879]; *Crowley* v. *Board of Supervisors* (1948) 88 Cal. App.2d 988, 994 [200 P.2d 107]; cf. *Kirstowsky* v. *Superior Court* (1956) 143 Cal.App.2d 745, 749 [300 P.2d 163]; *Terry* v. *Civil Service Com.* (1952) 108 Cal.App.2d 861, 872 [240 P.2d 691]) or where the petitioner's rights are otherwise amply protected (*Bartholomae Oil Corp.* v. *Superior Court, supra,* 18 Cal.2d 726, 730) or where the petitioner as the party purportedly beneficially interested is not aggrieved by the administrative order or decision in question (see *Madruga* v. *Borden Co., supra,* 63 Cal.App.2d 116, 121).

▮ Generally speaking a party not aggrieved is a party not beneficially interested. To withhold on this basis judicial review of administrative action is to apply a principle fundamentally the same as that applicable to appellate review of judicial action. It is settled that in the latter instance only aggrieved parties may appeal (Code Civ. Proc., § 938; *Luckenbach* v. *Laer* (1923) 190 Cal. 395, 399 [212 P. 918]; *Nicholas* v. *Nicholas* (1952) 110 Cal.App.2d 349, 353 [242 P.2d 679]) and "that a party is not aggrieved by, and cannot appeal from, a judgment which is entirely in his favor." (*Cicinelli* v. *Iwasaki* (1959) 170 Cal.App.2d 58, 64 [338 P.2d 1005]; in accord: *Estate of Funkenstein* (1915) 170 Cal. 594, 595 [150 P. 987]; *Maxwell Hardware Co.* v. *Foster* (1929) 207 Cal. 167, 170 [277 P. 327]; *Coburg Oil Co.* v. *Russell* (1950) 100 Cal.App.2d 200, 204 [223 P.2d 305].)

In the instant case, the decision of respondent board cul-

minated in the dismissal of the accusation *and the proceedings* against appellant. This decision and administrative action which appellant sought to review in the court below was *favorable* to appellant. Strangely enough, appellant's petition for a writ of mandate sought to compel respondent to set aside its decision. It is difficult to conceive how appellant's action below could have secured more beneficial results for him.

Appellant complains that, although the final administrative action was favorable, the board's findings and determinations referred to by us, *supra,* to the effect that he was guilty of unprofessional conduct reflect unfavorably upon him. But the board dismissed not only the accusation but "the proceedings instituted thereunder." ▮ Since the case was heard by a hearing officer alone who had no power to dismiss the proceedings, much less to order the board to dismiss them (Gov. Code, § 11517; *Frost* v. *State Personnel Board* (1961) 190 Cal.App. 2d 1, 5-8 [11 Cal.Rptr. 718]; *Kramer* v. *State Board of Accountancy* (1962) 200 Cal.App.2d 163, 175 [19 Cal.Rptr. 226]), the subsequent action by the board in adopting the hearing officer's proposed order that the accusation and proceedings be dismissed was analogous to the entry of a voluntary dismissal by the board. The dismissal, therefore, had the effect of a withdrawal of the charges made against appellant and left appellant as though no accusation had been filed against him, and he had never been a party to the proceedings. (*Holt Mfg. Co.* v. *Collins* (1908) 154 Cal. 265, 274 [97 P. 516]; *Rogers* v. *Transamerica Corp.* (1935) 6 Cal.App. 2d 340, 341 [44 P.2d 635]; *Cook* v. *Stewart McKee & Co.* (1945) 68 Cal.App.2d 758, 761 [157 P.2d 868].) We are of the opinion, and we so hold, that the dismissal carried down with it the antecedent findings and determination of the board (see 27 C.J.S. 377) so that the latter were in effect expunged thereby. We need not concern ourselves with the inquiry as to why the board followed this procedure in its disposition of the case. In our view, the findings and determination of which appellant complains no longer have legal existence although obviously they cannot be erased from the paper on which they were written. Since the situation is as though no proceeding had been brought (see *Cook* v. *Stewart McKee & Co., supra*), it is also as though no findings or determination had been made. However we should not be understood as holding, for we do not hold, that the proceedings before the board were improperly or unreasonably commenced or maintained by the board, its representatives or its counsel.

We conclude that the board's decision was entirely favorable to appellant. Such being the case, the issuance of a writ of mandate by the court below would have been of no benefit to appellant, would have enforced no right not already protected and would have served no useful purpose in reviewing the board's decision since he was not aggrieved thereby.

The judgment is affirmed.

Molinari, J., and Sims, J., concurred.